Chief Judge Desmond.
Before September 1, 1964, CPLR 3216 read as follows: " Where a party unreasonably neglects to proceed in the action against any party who may be liable to a separate judgment, the court, on its own initiative or upon motion, may dismiss the party’s pleading on terms. "Unless the order specifies otherwise, the dismissal is not on the merits.” This was a 1962 rewrite of old section 181 of the Civil Practice Act. According to the revisers, who produced the CPLR effective September 1,1963, the intention was then to devise a flexible rule to deal with the ‘ ‘ multifarious situations which might amount to want of prosecution and the numerous factors that might excuse a delay ”. In December, 1963 the Appellate Division, First Department, handed down Sortino v. Fisher (20 A D 2d 25) where a long opinion set out a number of rules or considerations as to dismissals of complaints for delay in prosecution. This decision was unsatisfactory to many lawyers specializing in the representation of plaintiffs in negligence cases and as a result of an ardent campaign the Legislature added to rule 3216 above quoted a long second paragraph, leaving the first paragraph intact. The new second paragraph says that no motion to dismiss based upon the failure of the plaintiff to serve and file a note of issue shall be made or granted until at least six months after the joinder of issue and that no such motion on such a ground shall be made or granted unless the defendant shall have served on the plaintiff a written demand requiring the latter to serve and file a note of issue and in effect giving the plaintiff 45 days in which to do so. Under this new second paragraph, if the note of issue is served and filed by plaintiff within 45 days, the motion shall be denied but, if it is not so served and filed within 45 days, the court may grant the motion unless the plaintiff shows a good excuse for delay and a meritorious cause of action.
On this appeal, here by our leave, there is sharply presented the question as to whether the addition of the second paragraph of rule 3216 means that the first paragraph has in effect been eliminated, and that there is no longer any such concept as general delay and that the courts have in effect lost their power to dismiss actions for delay except pursuant to the strict formula of the second paragraph. We do not think such a result was intended and it would surely be inadvisable and contrary to all *371 tradition. This idea is confirmed by the history of a statute passed by the 1965 Legislature, apparently at the request of the same lawyers who got rule 3216 amended in 1964, but vetoed by the G-overnor. In 1965 these proponents, apparently realizing that the first paragraph of rule 3216 was still in effect, succeeded in getting a further amendment of the second paragraph of rule 3216 to provide that the formula of the second paragraph applied not only to motions based on failure of the plaintiff to serve and file a note of issue but also to any failure of the plaintiff “ to diligently prosecute the action ”. Governor Rockefeller vetoed the 1965 bill on the recommendations of the Presiding Justices of the Appellate Divisions in the Second, Third and Fourth Departments (the First Department had already similarly expressed itself in Mulinos v. Coliseum Constr. Corp., 22 A D 2d 163, and Brown v. Weissberg, 22 A D 2d 282), also on the recommendations of the State Bar Association, the City Bar Association and the Judicial Conference’s Committee on CPLR. The Governor in his veto message accepted the view of these courts and Bar Associations “ that this bill would impose an unnecessary limitation on the discretion of the courts in dealing with neglected actions, and that the present law affords ample protection to plaintiffs who have a meritorious cause of action”. The history of this 1965 attempted amendment seems to us to confirm that rule 3216, as it stands, left intact the ancient power of the courts to dismiss for general delay.
Now back to the present case which is not a negligence case but is based on alleged liability on guarantees in commercial transactions. The suit was commenced in November, 1958 and the answer was served during the following month. In April, 1961 a note of issue and statement of readiness was served by plaintiff on all defendants but immediately afterwards this was withdrawn so that defendant Mintz might complete pretrial procedures. Four years then elapsed with no activity in the case. In June, 1965 plaintiff served and filed another note of issue and defendant Mintz then moved to dismiss. He did not comply with the second paragraph of rule 3216. As it seems to us, the second paragraph of rule 3216, which is plaintiff’s sole reliance here, simply cannot apply because (among other reasons) this second paragraph refers only to a dismissal motion *372 ‘ ‘ based upon the failure of the plaintiff to serve and file a note of issue ” which, of course, was not the situation here.
Special Term granted defendant Mintz’s motion and dismissed the complaint with an opinion in which the court pointed out that issue had been joined six and one half years earlier but that the plaintiff had let the action lie dormant and had taken no affirmative steps whatever for four years, except to file the note of issue at the last minute, and had offered no excuse for this inordinate delay. The Appellate Division unanimously affirmed with a memo citing Roberts v. New York Post Corp. (24 A D 2d 714) in which the court, citing Mulinos and Brown, (supra), said that the 1964 amendment to rule 3216 did not apply to motions made on broad grounds of general delay.
Any doubt about the propriety of the action below in this case would come from the Salama v. Cohen and Tomich v. Cohen cases, decided by us on December 1, 1965 (16 N Y 2d 1058). In each of those cases we reversed a dismissal by the Appellate Division and said this: “ A motion to dismiss under CPLE 3216 cannot be granted prior to the filing of a note of issue unless defendant has first served a written demand on the plaintiff to serve and file the note of issue within 45 days in accordance with the terms of the statute.” One difference between Salama and Tomieh and the present case is that in the former the note of issue had not been filed whereas here the motion was made after such filing. In Salama and Tomieh the Appellate Division, while recognizing this fact, said that the second paragraph of rule 3216 did not apply since the dismissal motions on their face in Salama and Tomieh were made not because of failure to file the note of issue but on the ground of general delay. This was a dubious ground on which to refuse to apply the second paragraph of rule 3216. We conclude that this second paragraph was added to rule 3216 to cover the former situations where pleadings were served and filed, then the plaintiff did nothing for a long time, then the defendant under the old practice would put the plaintiff in jeopardy by moving on five days’ notice to dismiss because the plaintiff had not put the case on the calendar. However, as stated above, we do not believe (and the vetoed 1965 amendment confirms) that, no matter what the delay has been, the courts below cannot dismiss unless the *373 defendant creates much more delay by giving a six months’ plus 45 days’ notice.
Defendants’ brief argues also that to make the second paragraph of rule 3216 applicable here would be unconstitutional because it would mean that the courts were being deprived by the Legislature of all discretionary power to dismiss for lack of prosecution so long as the motion was made after a note of issue filed. It is not necessary to answer this argument although strong support for it is found in Riglander v. Star Co. (98 App. Div. 101, affd. 181 N. Y. 531) where a statute was held unconstitutional which purported to require the court in certain cases to set them for trial on a day certain during a certain term.
The order should be affirmed, with costs.
Judges Fuld, Van Voorhis, Burke, Scilefpi, Bergan and Keating concur.