, Keating, J.
The plaintiff has alleged that she was injured in October of 1960. She brought this action against the defendant in June, 1962. In the same month issue was joined. In March, 1963, the defendant served on the plaintiff a notice for a physical examination. The plaintiff failed to submit to the examination, and took no further steps in the action.* Finally, in February, 1965, the defendant moved to dismiss on the grounds of general delay.
At the time the defendant made his motion to dismiss no note of issue had been filed.
Special Term denied the motion. On appeal, the Appellate Division reversed the order of Special Term and granted the defendant’s motion to dismiss.
The question of law involved on this appeal is whether the courts have the power to dismiss an action for general delay prior to the filing of a note of issue, if the defendant has failed to comply with the 45-day demand requirement of CPLR 3216.
The rule states in full:
“Where a party unreasonably neglects to proceed in the action against any party who may be liable to a separate judgment, the court, on its own initiative or upon motion, may dismiss the party’s pleading on terms. Unless the order specifies otherwise, the dismissal is not on the merits.
“No such motion based upon the failure of the plaintiff to serve and file a note of issue witlvm the time limited therefor by law or rule, shall be made or granted until at least six months has expired since the joinder of issue. Nor shall such a motion be made or granted unless the defendant shall have served a written demand requiring the plaintiff to serve and file such a note of issue and stating that the default by the plaintiff in complying with such demand within forty-five days after the service of such demand will serve as a basis for a motion by the defendant for dismissal against him for unreasonably neglecting to proceed. In the event that such a note of issue is served and. filed within such forty-five days, the motion to dismiss shall be denied. In the event that such a note of issue is not served within such forty-five days, the court may grant such motion unless the plaintiff shows justifiable excuse for *220 delay and a good and meritorious cause of action.” (Emphasis supplied.)
The first paragraph of CPLR 3216 is substantially identical to the old section 181 of the Civil Practice Act. The second paragraph of 3216 was added by an amendment effective September 1, 1964.
The plaintiff contends that the second paragraph of 3216 precludes the courts from granting a motion to dismiss for general delay based on a plaintiff’s inactivity prior to the filing of a note of issue.
According to this interpretation of 3216, where the plaintiff ■ has failed to file a note of issue, the defendant must serve on the plaintiff the 45-day demand. If the plaintiff complies with the demand, and serves and files a note of issue, ‘ ‘ the motion to dismiss shall be denied.” Thus, a plaintiff who has delayed, even an excessively long period, in this manner can save his action, unless or until he subsequently is guilty of unreasonable failure to proceed.
The Legislature has recognized that 3216 does not lend itself to this interpretation. Accordingly, in 1965, the Legislature enacted an amendment to the section. The amendment provided specifically that, before a note of issue is filed, the 45-day demand must be served by a defendant moving to dismiss on grounds of general delay and, if a plaintiff complies with the demand, no motion to dismiss may be granted. It also provided that only subsequent delay, after the filing of a note of issue, would warrant dismissal for general delay.
The Governor vetoed this amendment, stating clearly his reasons therefor:
“In strongly urging disapproval of the bill, the Presiding Justices of the Appellate Divisions for the Second, Third and Fourth Departments have stated that this bill would impose an wmecessary limitation on the discretion of the courts in dealing with neglected actions, and that the present law affords ample protection for plaintiffs who have a meritorious cause of action.
“Disapproval is also recommended by the New York State Bar Association, the Association of the Bar of the City of New York, the Committee to Advise and Consult with Judicial Conference on the CPLR and others.” (1965 N. Y. Legis. Annual 551; italics supplied.)
*221 We agree that the courts, in dealing with neglected actions, should not be unduly hampered. The 1965 amendment would have accomplished this result. The 1964 amendment does not lend itself to this interpretation. It states: “ No such motion based upon the failure of the plaintiff to serve and file a note of issue
The second paragraph of 3216 only applies, as we indicated in Commercial Credit Corp. v. Lafayette Lincoln-Mercury (17 N Y 2d 367), when the motion is based on the failure of the plaintiff to serve and file a note of issue. In the instant case the defendant based its motion on general delay. The 45-day demand requirement was thus inapplicable.
It has been urged that this interpretation of 3216 would emasculate the statute, since defendants would always base their motions on general delay and thereby avoid the 45-day demand requirement.
This erroneously presupposes that the courts are bound by the defendant’s characterization of his motion. Where a defendant moves to dismiss, characterizing his motion as one for ‘ ‘ general delay ’ ’, a court, considering all the factors, can find that there has' been no general delay, that the , plaintiff diligently engaged in pretrial conferences, conducted examinations before trial with dispatch and, in general, moved the action along speedily.
The court could thus determine that the defendant’s only complaint is that, now that all the pretrial activity has been speedily conducted, the plaintiff has delayed in filing a note of issue. It would then be proper for the court to deny defendant’s motion, since it would be, in fact, based merely on a slight, delay in filing the note of issue, and indicate that he must comply with the 45-day demand requirement.
This interpretation safeguards the right of courts to dismiss in their discretion for general failure to prosecute, and also applies the 45-day demand requirement where the only delay in the action is a delay in filing a note of issue, not amounting to general delay. Although this might seem unduly harsh to plaintiffs who have meritorious causes of action, a rule which would permit plaintiffs’ attorneys to delay inordinately prior to the filing of a note of issue without risk of dismissal for *222 failure to prosecute would hardly encourage their diligent prosecution of actions.
The facts in Salama v. Cohen and Tomich v. Cohen (16 N Y 2d 1058) were quite similar to the facts in the instant case. In Salama and Tomich we reversed the Appellate Division’s dismissal of an action for general delay prior to the filing of a note of issue. In our entry, we stated: “ A motion to dismiss under CPLB 3216 cannot be granted prior to the filing of a note of issue unless defendant has first served a written demand on the plaintiff to serve and file the note of issue within 45 days in accordance with the terms of the statute.”
Insofar as this statement implies that the application of the 45-day demand requirement of 3216 is extended to include those cases where there has, in fact, been general delay prior to the filing of a note of issue, it should not be followed.
The course of our decisions in Fischer v. Pan Amer. World Airways (16 N Y 2d 725); Salama v. Cohen and Tomich v. Cohen (supra), and Commercial Credit Corp. v. Lafayette Lincoln-Mercury (supra) has indicated to one commentator, at least (see Siegel, Supplementary Practice Commentary, McKinney’s. Cons. Laws of N. Y., Book 7B, CPLR [1966 Cum. Supp.]; Siegel, Seminar on CPLB Case Law and Statutory Developments, p. 41 ff. [1966]), that we would apply the second paragraph of 3216 to any motion to dismiss for failure to prosecute made prior to the filing of a note of issue, but that once the 45-day demand requirement is met, the defendant can then move to dismiss based on the plaintiff’s previous general delay.
Under such an interpretation, a defendant would be forced to take a meaningless step with ensuing delay before he could move-to dismiss based on general failure to prosecute. The plaintiff’s compliance with the defendant’s demand would likewise be meaningless, since the defendant could then move to dismiss on the basis of the plaintiff’s prior delay.
We do not ascribe to the Legislature an intent to set up a superfluous procedure which would leave the relative positions of the parties unchanged.
Bather, our interpretation of 3216 is that it leaves untouched the general power of the courts to dismiss actions in their discretion for general delay, but mandates the 45-day demand requirement where the only basis for the motion is a delay in *223 the filing of a note of issue not amounting to general delay.
If the basis of the motion to dismiss is, in fact, failure to file a note of issue, the 45-day demand requirement of the second paragraph of 3216 applies, regardless of the defendant’s characterization of his motion.
The facts of the case before us could clearly indicate a general delay on the part of the plaintiff. Accordingly, the order of the Appellate Division granting the defendant’s motion to dismiss should be affirmed, without costs.

 The plaintiff’s attorney did send a letter to the defendant’s attorney informing him that she now resided in New Mexico.

 Cf. L. 1967, ch. 770, eff. Sept. 1, 1967.