Marshall E. Livingston, J.
This is a motion by the third-party defendant (TRW) to dismiss the above action for general delay, claiming plaintiff (Johnson) and defendant and third-party plaintiff (Parrow) unreasonably neglected to proceed.
Parrow thereafter brought on a similar motion directed at Johnson for the same relief.
Since September 1, 1967, CPLR 3216 (subd. [b]) has specifically provided that before an action may be dismissed for want of prosecution, issue must have been joined and one year have elapsed since the joinder. In addition, a demand must have been served on the dilatory party giving a 45-day notice to resume prosecution and to file a note of issue within that period of time.
In this case, it is conceded that no such 45-day notice was ever served by any of the parties.
This action was commenced by the service of a summons and complaint, alleging the sale by Parrow of certain defective automotive parts, whereby Johnson sustained damage by reason of using the latently defective parts in the repair of his trucks.
Defendant then, as a third-party plaintiff, sued out a third-party action against TRW, which had supplied the automotive parts to Parrow.
*864 The summons and complaint were served December 29, 1964; the answer and copy of the third-party complaint were served on the plaintiff on July 9, 1965; and the action was at issue. The third-party action became at issue on August 27, 1965, with the service of the third-party defendant’s answer.
Demand for a bill of particulars was made by TRW upon Parrow, who then also made a demand for a bill of particulars upon Johnson.
Thereafter, on January 19, 1967, TRW made a motion to preclude directed to Parrow, who, in turn, on January 20, 1967, made á similar motion against Johnson. By February 16, 1967, both Johnson and Parrow had duly complied with the demands, and no steps were taken after that time by any party to file a note of issue.
I am aware of Cohn v. Borchard Affiliations (30 A D 2d 74), decided May 14, 1968 by the Appellate Division, First Department, which reversed an order of the Supreme Court, Special Term, New York County, and granted a motion to dismiss.
In that case the court stated (p. 77): “ For these reasons, namely, that its restrictive provisions impair and interfere with the court’s inherent power to control its own calendars, CPLR 3216, to the extent that it restricts dismissal for general delay, is unconstitutional.” However, as Mr. Justice Stevens wrote, in his dissenting opinion (p. 78): “ Until such note of issue is served and filed the case is not actually on the calendar of the court. Consequently, the court is not hindered at that stage in the control of its calendar. ’ ’
In the instant case, Johnson has a meritorious cause of action. The verified third-party complaint of Parrow shows that he was directed by TRW and did pay to Johnson nearly $1,300 to reimburse him for the defective parts. This action is brought to recover for the damages Johnson sustained by reason of his installation of the same defective parts.
The Cohn case (30 A D 2d 74, supra) holds flatly that CPLR 3216 is unconstitutional, and it may be that the dictum in the last paragraph of Commercial Credit Corp. v. Lafayette Lincoln-Mercury (17 NY 2d 367, 373) is about to become a reality. However, it seems to me that section 30 of article VI of the Constitution of the State of New York mandates against this. Section 30 provides: “ The legislature shall have the same power to alter and regulate the jurisdiction and proceedings in law and in equity that it has heretofore exercised. The legislature may, on such terms as it shall provide and subject to subsequent modification, delegate, in whole or in part, to a court, including the appellate division of the supreme court, to the administrative *865 board of the judicial conference, or to the judicial conference, any power possessed by the legislature to regulate practice and procedure in the courts. Nothing herein contained shall prevent the adoption of regulations by individual courts consistent with the general practice and procedure as provided by statute or general rules.”
Section 30 of article VI of the Constitution was adopted by the People November 7, 1961 and became effective September 1, 1962. The first sentence of the section, I believe, authorizes the Legislature to enact laws such as CPLB 3216.
Actually, the Legislature presumably has been regulating proceedings in law relating to dismissals for lack of prosecution for a long time. The counterpart of CPLB 3216 was section 181 of the Civil Practice Act. Section 30 of article VI of the Constitution, since its enactment, has been an umbrella under which legislative attempts to cut a Gordian knot may be protected from constitutional attack. Certainly this area of the law has been a welter of confusion, as the Supplementary Practice Commentary by Professor Siegel (McKinney’s Cons. Laws of N. Y., Book 7B, CPLB 3101 to 3400 [1967 Supp., pp. 246-256]) so ably attests.
The present CPLB 3216, in the words of the Association of the Bar of the City of New York, achieves “ a welcome logical simplicity in an area which has been unsettled during the entire history of the CPLB ” (Civil Practice Annual [1967 ed.], p. 1-398). Both motions are denied, without costs.