David O. Boehm, J.
This action for damages resulting from claimed personal injuries was commenced June 4, 1964 by service of summons. Thereafter a note of issue was filedJTebruary 10, 1965 for the March, 1965 Civil Trial Term of this court. The case was marked “ settled subject to restoration ” in June, 1966, but the plaintiffs, who had been out of State, apparently rejected the offer on their return. Nothing further was done to dispose of the case until, by letter dated March 23, 1967, plaintiffs requested the case be restored to the calendar, but the defendants refused to so stipulate. Special Term, by order dated May 1, 1967, granted plaintiffs’ motion to restore and denied defendants Teresi’s motion to dismiss for failure to prosecute. The order directed the clerk of the court to place the action upon the Trial Calendar for the term commencing June 5, 1967; that plaintiffs file a bill of particulars prior to May 20, 1967; that defendants Teresi have $25 as and for the cost of the motion to qbide the event.
Plaintiffs, relying on the assignment clerk of the court to restore the case to the Trial Calendar, did not file a new note of issue. However, when the action failed to appear on the Trial Calendar after the passage of some time, plaintiffs’ counsel discovered that the May 1, 1967 order had never been entered, and on January 10, 1968 he entered the order in the office of the Clerk of the County of Monroe and served copies thereof upon each of the attorneys for the defendants. He then inquired of the Court Clerk when the case would be reached and was informed there would be no civil jury trials until November, 1968. Plaintiffs ’ counsel took no further action until the latter part of 1968 or the early part of 1969, at which time, upon inquiry, he was advised that the Clerk of the court had no record of the order of restoration of May 1, 1967, but Would add the case to the Trial Calendar for the term commencing March 31, 1969. This was done without a new note of issue or statement of readiness being filed. All parties concede that this should have been done. Under CPLR 3404 a case, whether in Supreme Court or County Court, is deemed abandoned if it has remained dormant for a year after having been marked ‘ ‘ Off ’ ’ or stricken from the calendar. CPLR 3404 is “ automatic and self-executing ”. (Wheelock v. Wheelock, 3 A D 2d 25, 26, affd. 4 N Y 2d 706.) It directs the Clerk to make an appropriate entry of dismissal without the necessity of any further order.
"When the case appeared on the Day Calendar March 31,1969, the defendants applied to the Calendar Judge to strike the case *381 from the calendar as being improperly thereon and the application was granted without prejudice to any other motions the parties might wish to make.
This motion brought by the defendants to dismiss for failure to prosecute, is now before the court.
The complaint alleges that Mrs. Meyer was injured on or about December 31, 1963 as the result of a fall in or about the premises of the defendants. It appears that she was a business invitee at the time and fell upon an accumulation of snow and ice as a result of the claimed failure of the defendants to properly maintain the area, although they had notice of the condition. All acts of negligence alleged, if proven, would appear to give the plaintiffs a meritorious cause of action.
Defendants urge dismissal of plaintiffs’ action on the general grounds of prejudice.
The prejudice suffered by defendants Teresi, they say, is 1 ‘ manifest because of the great delays and passage of time here and that that in and of itself is sufficient prejudice ”.
Defendant Mt. Hope Shopping Center, Inc., is prejudiced, it says, because it relied upon the codefendants’ eyewitnesses; because ‘‘ upon information and belief, the co-defendants may at this time not be able to produce said witnesses,” [a possibility not mentioned by its codefendants]; and, because, being six years after the event, it is too late for defendant Mt. Hope Shopping Center, Inc., to make a productive investigation of the identity of its then tenants and their present addresses.
Why defendant Mt. Hope Shopping Center, Inc., as the landlord, does not have a record of its own tenants, past as well as present, is not explained, nor is its seeming reluctance to communicate with its tenant codefendants as to the names and addresses of witnesses which the latter may have.
The Statute of Limitations having run, the prejudice to the plaintiffs if their action is dismissed, is manifest.
Unquestionably, the lawsuit was not pursued as diligently as it might have been, but the plaintiffs have offered by way of explanation the absence of their clients from the State, their reliance upon the Court Clerk to place the case upon the calendar, the admittedly erratic state of the Civil Jury Calendar prevailing for some time. The court has personally reviewed the Civil Calendar situation with the Court Clerk and determined from his records that there was no civil part for the last four months of 1967 nor for the months of April, June, September and October, 1968. As always, there were no civil trials in July and August.
*382 ‘ ‘ It must be borne in mind, moreover, that dismissal is a harsh penalty imposed on a client for his lawyer’s failures; justified annoyance by the court at a lawyer’s procrastination should not be vented on the litigant with a meritorious claim by closing the courts to him.” (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3216.04; see Barrada v. Target Constr. Corp., 31 AD 2d 810.)
This is particularly the case where there is no showing that defendants have been prejudiced by delay and where the Statute of Limitations has run. (Keller v. National Auto Renting Co., 10 A D 2d 578; Thalassinos v. Brutsche, 17 A D 2d 835.)
But, regardless of a particular court’s view of what constitutes excusable or inexcusable delay, this motion must be denied for other reasons. No new note of issue has been filed. Therefore, any motion to dismiss at this stage would have to be brought under CPLR 3216. (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3216.01 et seq.). Furthermore, the delay before the case was ordered restored to the calendar may not now be considered by the court. (Foisy v. Penn Aluminum, 31 A D 2d 783.)
CPLR 3216 permits the dismissal of a party’s pleadings for unreasonable neglect or delay in prosecuting an action only when the party seeking relief has served a written demand to resume prosecution of the action and to serve and file a note of issue within 45 days after receipt of such demand. Service of such demand is an absolute requirement for the order sought. Concededly, this was not done by either of the defendants.
The court is aware of the First Department’s position as stated in Cohn v. Borchard Affiliations (30 A D 2d 74) decided May 14, 1968, cited by one of the defendants, that CPLR 3216 is an unconstitutional limitation of the court’s power to control and regulate its own calendar. However, on June 17, 1968, Justice Livingston, for the Supreme Court, Ontario County, made a logical and convincing argument for the constitutionality of 3216 and held contrary to Cohn. (Johnson v. Parrow, 56 Misc 2d 863.) Subsequently, citing Johnson v. Parrow, the Second Department also upheld the constitutionality of 3216. (Kull v. City of New York, 31 A D 2d 638.) This would appear to be the position of the Fourth Department as well, for when the Appellate Division had occasion to consider 3216, it mandated compliance with subdivision (d) thereof. (Foisy v. Penn Aluminum, supra [Jan. 16, 1969].)
Accordingly, having failed to comply with the express requirements of 3216, the motion of the defendants to dismiss for failure to prosecute, is denied. The plaintiffs are directed to *383 file a note of issue together with a statement of readiness, forthwith, placing this case upon the Trial Calendar for the immediate ensuing Civil Term of this court.
Defendants are each awarded costs of the motion, not to abide the event.