■ SYDNEY J. CHASE, Respondent, v JULIUS J. SCAVUZZO et al., Appellants. [615 NYS2d 738] —In an action to recover damages for breach of contract and conversion, the defendants appeal from an order of the Supreme Court, Nassau County (McCarty, J.), dated November 25, 1992, which denied their motion, *inter alia,* to strike the plaintiff's note of issue and to dismiss the action.

Ordered that the order is modified, on the law, by deleting the provision denying those branches of the motion which were to strike the note of issue and dismiss the complaint and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with costs to the defendants.

The plaintiff was directed by a court order dated August 15, 1989, to file and serve a note of issue. Thereafter, he failed to comply with the directive until August 7, 1992. In opposition to the defendants' subsequent motion to strike the note of issue and dismiss the complaint, the plaintiff, in reliance on CPLR 3216 (b), argued that the defendants had failed to serve him with a 90-day notice.

In light of the fact that CPLR 3216 (b) refers only to a dismissal motion based upon a party's failure to serve and file a note of issue and that was not the situation here, the 90-day notice provision did not constitute a bar to the defendants' motion to dismiss *(see, Commercial Credit Corp. v Lafayette*

*Lincoln-Mercury,* 17 NY2d 367). We note further that CPLR 3216 (b) left intact the ancient power of the court to dismiss for general delay *(see, Commercial Credit Corp. v Lafayette Lincoln-Mercury, supra).*

However, contrary to the defendants' contentions, the imposition of sanctions is not warranted under the circumstances of this case *(see,* 22 NYCRR 130-1.1). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.