OPINION OF THE COURT
 

 Smith, J.
 

 The issue presented by this appeal is whether the Appellate Division erred in dismissing plaintiff’s complaint for general delay even though defendants failed to serve plaintiff with a 90-day demand to file and serve a note of issue as required by CPLR 3216. We reverse the order of the Appellate Division, to the extent appealed from.
 

 The Present Case
 

 Plaintiff commenced an action for attorneys’ fees earned prior to plaintiff’s suspension from the Bar, and for breach of contract and conversion for defendants’ alleged failure to pay for various law books and furniture. Plaintiff subsequently moved for summary judgment. By order dated August 15,1989, the Supreme Court denied the summary judgment motion and directed plaintiff to file and serve a note of issue as follows:
 

 "This motion by the plaintiff seeking summary judgment is denied. The existence of the agreement upon which the plaintiff’s claims are based is flatly
 
 *230
 
 contradicted by the opposing papers. The plaintiff is directed to file and serve a Note of Issue.”
 

 Plaintiff served, but never filed, a note of issue dated October 5, 1989. A second note of issue, dated June 12, 1992, was both served and filed and allegedly received by the defendants on August 7, 1992. On September 1, 1992, defendants moved to strike the note of issue and to dismiss the complaint on the grounds that plaintiff did not, in 1989, comply with Supreme Court’s order to file a note of issue, and that plaintiff abandoned the lawsuit by failing to take any action for three years. Defendants also sought sanctions against plaintiff and plaintiff’s attorneys. The Supreme Court denied defendants’ motion in all respects, noting,
 
 inter alla,
 
 that notwithstanding plaintiff’s delay, defendants had failed to comply with CPLR 3216.
 

 The Appellate Division modified the Supreme Court order by granting the motion to strike the note of issue and dismissing the complaint, and denying the request for sanctions. The Appellate Division characterized plaintiff’s failure to comply with the August 15, 1989 order to file a note of issue, until August 7, 1992, as general delay. The Appellate Division held that because courts possess the inherent power to dismiss actions for general delay, defendants’ failure to serve a 90-day demand to file and serve a note of issue, as required by CPLR 3216 (b), did not bar dismissal of plaintiff’s complaint.
 

 The plain language of CPLR 3216 provides that no court may dismiss an action, and no party may make a motion seeking dismissal of an action unless a written demand has been served on the party prosecuting the action to serve and file a note of issue within 90 days after receipt of such demand. The demand must also state that failure to serve and file a note of issue within the 90-day period may serve as a basis for a motion to dismiss the action (CPLR 3216 [b] [3]). However, the statute further provides that:
 

 "After an action has been placed on the calendar by the service and filing of a note of issue, with or without any such demand provided, * * * the action may not be dismissed by reason of any neglect, failure or delay in prosecution of the action prior to the said service and filing of such note of issue” (CPLR 3216 [d]).
 

 We conclude that the August 15, 1989 order to file and serve a note of issue did not relieve defendants of serving plaintiff
 
 *231
 
 with a written 90-day demand, as required by CPLR 3216 (b) (3), in the event that plaintiff did not serve and file the note of issue.
 

 History and Background of CPLR 3216
 

 Prior to 1964, CPLR 3216 did not require that a demand to serve and file a note of issue be served before a court, on its own initiative or upon motion, could dismiss an action for unreasonable neglect to proceed. CPLR 3216, which went into effect on September 1, 1963 (L 1962, ch 308), originally provided:
 

 "Where a party unreasonably neglects to proceed in the action against any party who may be liable to a separate judgment, the court, on its own initiative or upon motion, may dismiss the party’s pleading on terms. Unless the order specifies otherwise, the dismissal is not on the merits”.
 

 On December 10, 1963, approximately three months after CPLR 3216 went into effect, the First Department decided
 
 Sortino v Fisher
 
 (20 AD2d 25).
 
 Sortino
 
 identified deficiencies in a number of "excuses” generally proffered to explain delays in prosecuting actions and concluded that ”[a]ny unreasonable delay, depending upon the nature of the case, the degree of merit, and the particular difficulties which the litigating plaintiff faced, may support dismissal”
 
 (Sortino, supra,
 
 at 28). The
 
 Sortino
 
 action was dismissed for failure to prosecute because "plaintiffs rested on their oars for about a half-year, a period too long in the light of the lack of merits and the lapse of time since joinder of issue”
 
 (Sortino, supra,
 
 at 33).
 

 Because a large number of cases were being dismissed under
 
 Sortino
 
 for failure to prosecute,
 
 Sortino
 
 triggered a "massive” movement by the plaintiffs’ bar to amend CPLR 3216 (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3216, at 630). The 1964 legislation (L 1964, ch 974) provided that:
 

 1. The court on its own motion or the motion of a party could dismiss an action where a party unreasonably neglected to proceed,
 

 2. Such a dismissal was not on the merits,
 

 3. No motion to dismiss could be made until six months after joinder of issue,
 

 4. No motion to dismiss could be made unless de
 
 *232
 
 fendant served a written demand requiring that plaintiff serve and file a note of issue and providing further that a failure to comply with the demand within 45 days after service would serve as a basis for a motion by defendant to dismiss for "unreasonably neglecting to proceed,”
 

 5. If plaintiff served and filed the note of issue within 45 days after service of the demand the motion to dismiss would be denied,
 

 6. If plaintiff failed to serve and file the note of issue within 45 days of the demand, the motion had to be granted unless plaintiff showed "justifiable excuse for delay and a good and meritorious cause of action” (see
 
 also, Thomas v Melbert Foods,
 
 19 NY2d 216, 219-220;
 
 Brown v Weissberg,
 
 22 AD2d 282, 284, n).
 

 The 1964 amendment spawned additional litigation.
 

 In 1965, this Court held that motions to dismiss under CPLR 3216, as amended in 1964, could not be brought unless a demand to serve and file the note of issue had been served
 
 (Fischer v Pan Am. World Airways,
 
 16 NY2d 725;
 
 Salaam v Cohen,
 
 16 NY2d 1058). However, less than a year later, we distinguished between the authority of courts to dismiss an action for general delay, and pursuant to CPLR 3216, which required service of a demand before an action in which a plaintiff has failed to serve and file a note of issue could be dismissed. In
 
 Commercial Credit Corp. v Lafayette Lincoln-Mercury
 
 (17 NY2d 367), this Court held that CPLR 3216 had not supplanted the power of courts to dismiss an action for general delay. Subsequently, in
 
 Thomas, (supra)
 
 we held that courts may dismiss an action for general delay in serving and filing a note of issue even though a defendant has failed to serve a demand as required by the 1964 amendment to CPLR 3216. In 1967, the Legislature repealed and then reenacted CPLR 3216, abandoning the prior versions. The new CPLR 3216 was intended to:
 

 "prohibit the dismissal of an action for failure to prosecute whether on the ground of general delay, or for failure to serve and file a note of issue, unless there has first been served a demand that a note of issue be served and filed within forty-five days” (Governor’s Mem approving L 1967, ch 770, 1967 NY Legis Ann, at 295).
 

 
 *233
 
 This intent was clearly expressed in subdivision (d) of the statute:
 
 *
 

 "After an action has been placed on the calendar by service and filing of a note of issue, with
 
 or without
 
 [defendant’s] demand * * * the action may not be dismissed by reason of any neglect, failure or delay in prosecution of the action
 
 prior to
 
 such service and filing of the note of issue” (emphasis added).
 

 After a split over the constitutionality of the new CPLR 3216 developed among the Appellate Divisions, we were presented with another opportunity to consider whether dismissal of an action for failure to serve and file a note of issue was solely governed by CPLR 3216. In
 
 Cohn v Borchard Affiliations
 
 (25 NY2d 237, 246) we acknowledged that one impetus behind the reenactment of CPLR 3216 had been our conclusion in
 
 Thomas
 
 that courts retained the ability to dismiss an action for general delay even though plaintiff had not been served with a demand to serve and file a note of issue. We stated:
 

 "As it now reads, the statute [CPLR 3216] permits of no doubt as to its meaning: no motion to dismiss for failure to prosecute, brought prior to the filing of a note of issue, may be made unless the defendant has first served the plaintiff with a demand that he file a note of issue. In other words, under the 1967 change, any plaintiff who has neglected to place his case on the calendar for any reason automatically gets a second chance to do so before his case may be dismissed”
 
 (Cohn, supra,
 
 at 246;
 
 see also, Airmont Homes v Town of Ramapo,
 
 69 NY2d 901, 902).
 

 Consequently, courts do not possess the power to dismiss an action for general delay where plaintiff has not been served with a 90-day demand to serve and file a note of issue pursuant to CPLR 3216 (b). Thus, defendants’ failure to serve a demand and plaintiff’s self-initiated action in filing and serving the note of issue insulated plaintiff from dismissal for any delay prior to the filing. Any dismissal for delay therefore would necessarily be based upon CPLR 3404.
 

 
 *234
 
 Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and defendants’ motion to strike plaintiffs note of issue and dismiss the complaint denied.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order, insofar as appealed from, reversed, etc.
 

 *
 

 Except for a 1978 amendment allotting 90 instead of 45 days to serve and file a note of issue after service of a demand, the text of CPLR 3216 has remained unchanged since the 1967 reenactment.