■ DESIREE HODGE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [709 NYS2d 64] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered October 5, 1998, which granted defendants' oral motion to dismiss the action, unanimously reversed, on the law, without costs, the motion denied and the matter remanded for assignment to another Justice.

Dismissal of this personal injury and medical malpractice action at the final court conference on October 1, 1998 was unsupported by any applicable legal authority and in disregard of settled law. True, the action was 17 years old, and was initially pursued in a dilatory manner, but not all of the delay was caused by plaintiff. In October 1997, plaintiff was prepared to proceed, and actually moved to place the action on the trial calendar, but voluntarily withdrew that motion to permit further discovery by defendant Transit Authority. Eleven months later, at the hearing when this action was dismissed, neither party cited any unfulfilled discovery demand.

It appears that at a court conference one week prior to the dismissal, defendants had offered $10,000 in settlement, and the case was adjourned to allow plaintiff to appear with a more senior counsel. Despite plaintiff's claim of having sustained severe, disabling and permanent injuries, the court presented plaintiff with the blunt choice of accepting $10,000 in complete settlement or suffering dismissal of the case on the ground that the lapse of time had placed defendants—as the court expressed it—"in a position where they would be severely prejudiced and put at great difficulty with regards to proof." When plaintiff rejected the proposed "settlement," the court granted defendants' oral motion in open court, and subsequently entered the order appealed from.

The record demonstrates that this dismissal rested upon the

court's finding of general delay in prosecution. There was a time, before institution of this action, when such dismissal was an available remedy under the predecessor of CPLR 3216 (*see*, *Sortino v Fisher*, 20 AD2d 25). After several statutory amendments and judicial decisions critical of legislative interference with a court's "inherent power" to control its calendar, the conflict was laid to rest by Chief Judge Fuld in *Cohn v Borchard Affiliations* (25 NY2d 237, 246): "As it now reads, the statute permits of no doubt as to its meaning: no motion to dismiss for failure to prosecute, brought prior to the filing of a note of issue, may be made unless the defendant has first served the plaintiff with a demand that he file a note of issue. In other words, under the 1967 change, any plaintiff who has neglected to place his case on the calendar for any reason automatically gets a second chance to do so before his case may be dismissed."

Any doubt that a court had no power whatsoever to dismiss an action for "gross laches" or "failure to prosecute," in the absence of a 90-day demand to file a note of issue, has been dispelled by the Court of Appeals in *Airmont Homes v Town of Ramapo* (69 NY2d 901) and *Chase v Scavuzzo* (87 NY2d 228). In the latter case, the plaintiff's failure to comply with a court order to file a note of issue for three years was held an insufficient predicate for dismissal, absent a CPLR 3216 demand. Here, the record is devoid of any such prior order.

On appeal, defendant Health and Hospitals Corporation argues that the dismissal can be sustained on the alternative ground (CPLR 3126) of plaintiff's failure to comply in a timely fashion with earlier discovery deadlines imposed by other Judges. This cannot avail, given the fact that neither the parties nor the court ever adverted to, or rested upon, any such noncompliance. Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Saxe, JJ.