■ BORICUA COLLEGE, Appellant, v L&T CONSTRUCTION Co., INC., Respondent, et al., Defendant. (And a Third-Party Action.)

[742 NYS2d 228] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered December 11, 2000, which denied plaintiff's motion for leave to serve and file a late note of issue, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, and the complaint reinstated.

This is a subrogation action to recover insurance proceeds paid to the plaintiff Boricua College (Boricua) because of a fire. The fire was allegedly caused by the negligence of defendants L&T Construction Co., Inc. (L&T) and H.A.R. Steel Products, Inc. (HAR) during welding operations which were part of the renovation of Boricua's building at 3755 Broadway. Third-party defendants Patricio Sanchez-Camus and Sanchez & Figuerio (Sanchez & Figuerio) were the architects who prepared the drawings and monitored the renovation.

On October 9, 1991, Boricua served L&T with a summons and complaint, and, on January 20, 1992, L&T served its answer. On March 2, 1992, L&T filed a third-party complaint on HAR, and, on April 7, 1992, plaintiff served a supplemental summons and amended complaint to assert a direct claim against HAR.

On March 19, 1993, Justice Tompkins, to whom the case was then assigned, issued a preliminary conference order directing that discovery be completed on or before March 1, 1994, and that plaintiff file a note of issue on or before the same date. The parties stipulated to extension of this deadline to June 1, 1994.

On November 16, 1993, Boricua was granted a default judgment solely against defendant HAR. The order granting the default directed Boricua to file a note of issue and statement of readiness, solely for the purposes of an assessment of damages against HAR. It also included a provision that there be a severance of plaintiff's causes of action against L&T.

The entire action was then reassigned to Justice Cohen, and on June 30, 1994, a scheduled conference was canceled without explanation. Inquest was held on July 13, 1994 and on July 21, 1994, a judgment was entered against HAR for $157,859.13, with interest from September 18, 1990. On December 20, 1994, L&T impleaded Sanchez & Figuerio as third-party defendants. In 1995, plaintiff wrote to L&T to discuss various discovery matters. On August 18, 1997, the deposition of Sanchez & Figuerio, the last item of pretrial discovery impacting the action against L&T, was completed.

Then, in 1998, Boricua's counsel, a sole practitioner, became seriously ill. He was required to be hospitalized for a month

and was disabled for two more months. In March 2000, Boricua attempted to file a note of issue and place the case on the trial calendar. However, the Calendar Clerk refused to accept the note of issue for filing because the court computer file indicated that a note of issue was required to be filed on or before March 1, 1994, and that the case had been finished.

On July 18, 2000, plaintiff moved for leave to file a note of issue. Counsel stated that when the case was transferred from Justice Tompkins to Justice Cohen, the March 19, 1993 preliminary conference order setting a deadline for the filing of a note of issue had been nullified. In opposition, L&T acknowledged that an error caused the whole case to be marked off, when only part of it had been resolved. Counsel for L&T suggested that if the court permitted plaintiff Boricua to file the note of issue, and a judgment was entered against L&T, prejudgment interest be calculated from the date of entry of the decision on the motion. Plaintiff accepted this suggestion and agreed to waive all prejudgment interest, if any, against L&T prior to the entry of the order. The court nonetheless denied the motion and dismissed the action. This was an improvident exercise of discretion.

Because plaintiff had never filed a note of issue with respect to L&T, CPLR 3404, which governs restoring cases struck from the trial calendar, is inapplicable (*Johnson v Minskoff & Sons*, 287 AD2d 233; *see, Lopez v Imperial Delivery Serv.*, 282 AD2d 190, *lv dismissed* 96 NY2d 937). Further, pursuant to CPLR 3216 (a), no dismissal is to be effected unless issue is joined (CPLR 3216 [b] [1]); one year has elapsed since the joinder of issue (CPLR 3216 [b] [2]); and the court or party seeking such relief has served a written demand by certified or registered mail requiring the party against whom relief is sought to resume prosecution and serve and file a note of issue within 90 days after the receipt of such demand, "and further stating that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed" (CPLR 3216 [b] [3]).

In this case, although issue had been joined for a number of years, L&T did not serve Boricua with the 90-day demand for resumption of the action as prescribed by the statute (*see, Chase v Scavuzzo*, 87 NY2d 228). Thus, to the extent that the motion court based its determination to dismiss the action upon failure to prosecute, it failed to consider the unmet 90-day demand requirement of CPLR 3216 (b) (3), a prerequisite to the dis-

missal of this case (*see, Chase, supra* at 233). Concur—Mazzarelli, J.P., Andrias, Buckley, Sullivan and Marlow, JJ.