OPINION OF THE COURT
Per Curiam.
Order entered September 25, 2000 modified by denying plaintiffs cross motion for summary judgment on the fifth cause of action; as modified, order affirmed, without costs.
Plaintiff seeks to recoup amounts previously assessed by defendant cooperative representing construction costs incurred by defendant on plaintiffs behalf for repairs to the penthouse apartment and a separate “tool room” space owned by plaintiff. Plaintiff asserts that these costs were actually attributable to repair of the building’s roof and water tower, and were not properly assessed solely against him. Civil Court granted summary judgment in plaintiffs favor on the ground that defendant had forfeited its right to charge the repair expenses to plaintiff because it did not provide 30 days’ written notice before making the repairs. We disagree. The standard provision in the proprietary lease(s), entitled “Lessor’s Right to Remedy Lessee’s Defaults” (para 19), does not operate as a condition precedent foreclosing recovery by the cooperative since there is no express language that “failure to provide [the] 30-day notice will result in the Lessor’s inability to make repairs that it * * * deems necessary for the good of the building and its tenants” (Mariaux v Turtle Bay Towers Corp., NYLJ, May 1, 2002, at 20, col 3 [Sup Ct, NY County]). Moreover, there would at least be a factual issue as to whether plaintiff, by his conduct, waived any notice requirement by failing to object until after the repairs were performed.
The itemization of repairs and expenses annexed to the opposing affidavit of defendant’s counsel, even if inadmissible, sufficed to place in issue plaintiffs naked claim that the repairs in question related only to the roof and not to his premises (see *421 generally, Zuckerman v City of New York, 49 NY2d 557, 562). In this connection, we note that the delay in prosecuting the action (now 15 years old) impeded defendant’s ability to oppose the summary judgment motion because of changes in the cooperative’s management and board.
That part of the order which granted leave to plaintiff to serve and file a notice of trial is affirmed. Plaintiffs noncompliance with the prior order of June 29, 1999, directing that a notice of trial be filed within 30 days, did not excuse defendant from serving plaintiff with the 90-day demand required by CPLR 3216 {see, Chase v Scavuzzo, 87 NY2d 228; Boricua Coll. v L&T Constr. Co., 294 AD2d 170). Courts do not possess the power to dismiss an action for general delay (see, Chase v Scavuzzo, supra at 233). The matter should proceed to trial forthwith.
McCooe, J.P., Gangel-Jacob and Schoenfeld, JJ., concur.