■ GUSTAVO E. CARRILLO BRAVO, Respondent, v MILES HELD et al., Appellants. [755 NYS2d 613] —Order, Supreme Court, New York County (Milton Tingling, J.), entered June 10, 2002, which granted plaintiff's motion to vacate a default judgment entered against him upon his failure to file a note of issue by the deadline set in a preliminary conference order, unanimously affirmed, without costs.

A preliminary conference order directed that plaintiff file a note of issue and advise the court by phone of the calendar number on or before June 6, 2000, and that "[i]n the absence of notification, this matter will be deemed abandoned and dismissed." Thereafter, a motion by defendant for disclosure sanctions was denied on the ground that the action had already been dismissed as of June 6, 2000, and a judgment to that effect was eventually settled and entered. Plaintiff moved to vacate the judgment on the ground that disclosure was still incomplete as of June 6, 2000, that his failure to notify the court that he was not going to meet the deadline in the preliminary conference order was a law office failure, and that his cause of action in this rear-end accident case is meritorious. The motion to vacate the judgment should have been granted on the ground that the court could not, on its own initiative, dismiss the action for delay in filing the note of issue unless it first served plaintiff with a 90-day notice pursuant to CPLR 3216 (b) (3) (*see Boricua Coll. v L&T Constr. Co.*, 294 AD2d 170, 172-173 [2002]). Dismissal of an action for failure to serve and file a note of issue is governed solely by CPLR 3216 (*Chase v Scavuzzo*, 87 NY2d 228, 233 [1995]). Concur—Mazzarelli, J.P., Sullivan, Ellerin, Friedman and Gonzalez, JJ.