■ EDWARD M. STRASSER et al., Appellants, v PRUDENTIAL SE-CURITIES INCORPORATED et al., Respondents, et al., Defendant.
[769 NYS2d 247]—

Order, Supreme Court, New York County (Richard Lowe, III, J.), entered December 16, 2002, which denied plaintiffs' motion to compel discovery and, sua sponte, dismissed the action on grounds of abandonment, unanimously reversed, on the law, with costs, the matter restored to the calendar and remanded for de novo consideration of plaintiffs' motion to compel discovery.

This action was commenced in 1992, dismissed in its entirety on the merits in 1993, and, on appeal to this Court, the dismissal was upheld in 1995, except as to a fraud claim which was reinstated (218 AD2d 526 [1995]). Our decision was promptly filed with Supreme Court and stamped "REMITTITUR," and the following month defendants answered the remaining claim. Thereafter, the action remained dormant for seven years until it was restored to the calendar in 2002 and plaintiffs served an extensive demand for discovery, to which defendants objected, and plaintiffs moved to compel.

The motion court erred in its sua sponte dismissal of this action for failure to prosecute where neither it nor defendant ever served the statutory 90-day demand for note of issue and resumption of prosecution upon pain of dismissal. CPLR 3216 (b) expressly and unequivocally precludes such dismissal "unless . . . (3) [t]he court or party seeking [dismissal] . . . shall have served a written demand by registered or certified mail requiring the party against whom [dismissal] is sought to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand, and further stating that the default by the party . . . served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed" (*see also Chase v Scavuzzo*, 87 NY2d 228 [1995]; *Revell v New York Cares Org.*, 307 AD2d 214 [2003]; *Bravo v Held*, 303 AD2d 278 [2003]).

The authorities cited by defendants are distinguishable as arbitration cases, which are not within the purview of CPLR 3216, or as predating the current version of the statute. We

have considered defendants' remaining contentions and find them unavailing. Concur—Buckley, P.J., Tom, Ellerin and Williams, JJ.