OPINION OF THE COURT
Chambers, J.
We reaffirm the principle that, absent a 90-day demand to file a note of issue pursuant to CPLR 3216, the doctrine of laches or the failure to prosecute is not a basis for dismissing a pre-noteof-issue case.
In May 1992, the then-six-year-old plaintiff allegedly slipped and fell on some water in the bathroom of his school. In October 1992, after a notice of claim had been filed against the Board of Education of the City of New York, the infant plaintiff, by his mother, and his mother suing derivatively, commenced this action. Issue was joined, and the plaintiffs served a bill of particulars. However, when the plaintiffs failed to appear at a status conference held in June 1996, the matter was “marked off” the calendar and later marked “disposed.” More than 12 years later, in October 2008, the plaintiffs moved “to restore” the action to the “active pre-note of issue calendar” and to set the “matter down for a Preliminary Conference.” The Board cross-moved to dismiss the complaint based on, among other grounds, the doctrine of laches. In an order dated November 18, 2009, the Supreme Court granted that branch of the plaintiffs’ motion which was to restore the action, denied that branch of the plaintiffs’ motion which was set the matter down for a preliminary conference, and granted that branch of the Board’s cross motion which was to dismiss the complaint based on the doctrine of laches. The plaintiffs moved for leave to reargue that branch of their motion which was to set the matter down for a preliminary conference, and their opposition to that branch of the Board’s cross motion which was to dismiss the complaint based on the doctrine of laches. Upon reargument, the Supreme *19 Court, inter alia, in effect, vacated the determination in the order dated November 18, 2009, granting that branch of the Board’s cross motion which was to dismiss the complaint based on the doctrine of laches, and thereupon, denied that branch of the cross motion, concluding that it lacked the power to dismiss the plaintiffs’ complaint. We agree.
At the outset, we note that we summarized the law applicable to the issue in this case in Lopez v Imperial Delivery Serv. (282 AD2d 190 [2001]), where we explained the interplay among three case management devices: CPLR 3404, 22 NYCRR 202.27, and CPLR 3216. In Lopez, we made clear that none of these devices applies to a pre-note-of-issue case where, as here, there has been no order dismissing the complaint pursuant to 22 NYCRR 202.27, and the defendant has never made a 90-day written demand on the plaintiff to serve and file a note of issue pursuant to CPLR 3216 (see Varricchio v Sterling, 86 AD3d 535, 536 [2011]; Wasif v Khan, 82 AD3d 1084 [2011]; Mitskevitch v City of New York, 78 AD3d 1137, 1138 [2010]; Grant v County of Nassau, 28 AD3d 714 [2006]; Clark v Great Atl. & Pac. Tea Co., Inc., 23 AD3d 510, 511 [2005]; Lopez v Imperial Delivery Serv., 282 AD2d at 199). In this case, the Board attempts to avoid the holding in Lopez by relying on the doctrine of laches as the basis for dismissing the complaint.
In Cohn v Borchard Affiliations (25 NY2d 237 [1969]), the Court of Appeals traced the historical underpinning of CPLR 3216, rejecting a contention that the statute, as enacted in 1967, was unconstitutional in that it deprived the courts of their inherent power to regulate their own calendars. The Court of Appeals found that the power to dismiss a lawsuit for failure to prosecute was first granted to the courts by the legislature upon the enactment of CPLR 3216, and was not a product of the courts’ inherent power. The Court of Appeals acknowledged in Cohn that one impetus for the 1967 enactment of CPLR 3216 had been its prior holdings in Thomas v Melbert Foods (19 NY2d 216 [1967]) and Commercial Credit Corp. v Lafayette Lincoln-Mercury (17 NY2d 367 [1966]) that the statute did not supplant the power of a court to dismiss an action for general delay. The Court of Appeals determined that these prior holdings were no longer tenable, observing that, when the legislature enacted CPLR 3216 in 1967, there was
“no doubt as to its meaning: no motion to dismiss for failure to prosecute, brought prior to the filing of a note of issue, may be made unless the defendant has first served the plaintiff with a demand [to *20 serve and] file a note of issue. In other words, under the 1967 change, any plaintiff who has neglected to place [the] case on the calendar for any reason automatically gets a second chance to do so before [the] case may be dismissed” (25 NY2d at 246).
Subsequently, in Airmont Homes v Town of Ramapo (69 NY2d 901 [1987]), the Court of Appeals concluded that this Court erred in upholding the dismissal of tax proceedings on the ground of “gross laches” or “failure to prosecute” where there had been an eight-year delay in prosecuting the claims, stating that “[t]he procedural device of dismissing a petition for failure to prosecute is a legislative creation, not a part of a court’s inherent power” (69 NY2d at 902). Notably, the Court of Appeals reaffirmed these holdings in Chase v Scavuzzo (87 NY2d 228, 233 [1995]), emphasizing that “courts do not possess the power to dismiss an action for general delay where plaintiff has not been served with a 90-day demand to serve and file a note of issue pursuant to CPLR 3216 (b).” Thus, these cases make clear that a court “ha[s] no power whatsoever” to dismiss an action for gross laches or failure to prosecute in the absence of a 90-day demand to serve and file a note of issue (Hodge v New York City Tr. Auth., 273 AD2d 42, 43 [2000]).
Moreover, the doctrine of laches does not provide an alternate basis to dismiss a complaint where there has been no service of a 90-day demand pursuant to CPLR 3216 (b), and where the case management devices of CPLR 3404 and 22 NYCRR 202.27 are inapplicable. Indeed, the Court of Appeals concluded in Airmont Homes that dismissal for either gross laches or failure to prosecute was not available in the absence of compliance with CPLR 3216 (see Airmont Homes v Town of Ramapo, 69 NY2d at 902). To allow dismissal under the circumstances of this case based on the doctrine of laches would be tantamount to permitting dismissal for general delay, which the courts lack inherent authority to do, and which is inconsistent with the legislative intent underlying CPLR 3216. Further, it would be inconsistent with the analysis in Cohn, Airmont Homes, and Chase (see Hodge v New York City Tr. Auth., 273 AD2d at 43 [noting that Cohn laid to rest the conflict between the legislature and the court regarding the latter’s claimed inherent power to control its calendar]). CPLR 3216 reflects a legislative choice between competing policy considerations (see Cohn, 25 NY2d at 246 [noting that while reasonable persons may differ about the wisdom or desirability of CPLR 3216, such was not a concern for the court]; David D. Siegel, Practice Commentaries, McKinney’s *21 Cons Laws of NY, Book 7B, CPLR C3216:3 at 606 [noting the massive lobbying effort undertaken by the plaintiffs’ bar to amend CPLR 3216]). It places the onus on the defendant, or the court, to serve a 90-day notice demanding that the plaintiff resume prosecution of the action where there has been an unreasonable delay or neglect. A defendant cannot sit idly by while memories fade and evidence spoils (see CPLR 3216). Although an extensive delay in prosecuting an action may, at times, prejudice a defendant’s ability to defend against a suit, a defendant has the statutory means of avoiding such prejudicial delay by serving a 90-day demand (see Roth v Black Star Publ. Co., 302 AD2d 442, 443 [2003] [“If the defendant was troubled by the delay, its remedy was to serve a written demand that the plaintiff resume prosecution of the action and serve and file a note of issue within 90 days after receipt of the demand”]). Laches, which is an equitable doctrine, does not provide an alternate route to dismissal where a defendant has not served the 90-day demand statutorily required to prompt resumption of the litigation (see Matter of Barabash, 31 NY2d 76, 81 [1972]).
At the time the instant case was “marked off” the calendar and then later marked “disposed” in 1996, the law governing the interplay between CPLR 3404, 3216, and 22 NYCRR 202.27 was still unclear. It was not until we decided Lopez v Imperial Delivery Serv. (282 AD2d at 190) in 2001 that this area of law became settled. As in Lopez, because this case was at a pre-noteof-issue stage, there was no calendar from which to mark it off. Marking a case off a motion or conference calendar does not dispose of it (id. at 196). Thus, when the matter in this case was “marked off” the calendar and later marked “disposed,” those acts were a nullity, and meant nothing (see Khaolaead v Leisure Video, 18 AD3d 820 [2005] [case was marked disposed by court computer at a time when no note of issue had been filed; this was tantamount to a purge or “mark off’ of a pre-note-of-issue case, which was not permitted, and, thus, there was no basis for denying the plaintiffs’ motion to restore]; Hemberger v Jamaica Hosp., 306 AD2d 244, 244 [2003] [where the parties failed to appear at a conference and the Supreme Court marked the case “inactive,” “(w)hatever that might mean . . . (it) was clearly the equivalent to marking a prenoteof-issue case ‘off,’ ” which is not permitted]). Since this action was never properly dismissed, there was no need for a motion to restore, and the Board’s motion to dismiss based on laches was properly denied because it failed to comply with the 90-day written demand requirement, a condition precedent to dismissal of the action for general delay (see Lopez v Imperial Delivery Serv., 282 AD2d at 200).
*22 We recognize, as Justice Feuerstein presciently warned more than a decade ago, that the effect of Lopez is to “revive some rather old cases,” but such a result is mandated (id.). This is just such a case. It was “perhaps comatose” for more than 12 years, but is “still alive” (id.; see Docteur v Interfaith Med. Ctr., 90 AD3d 814 [2011]).
To the extent that our prior decisions in Rodriguez v Mitchell (81 AD3d 624 [2011]), Pickett v Federated Dept. Stores, Inc. (79 AD3d 1116 [2010]), and Rosenstrauss v Women’s Imaging Ctr. of Orange County (56 AD3d 454 [2008]) suggest that the doctrine of laches provides a basis to dismiss an action for a lengthy delay in prosecuting it, even though the action is at a pre-noteof-issue stage, there has been no order pursuant to 22 NYCRR 202.27, and there has been no 90-day written demand, those decisions are inconsistent with Court of Appeals precedent and should not be followed.
Accordingly, we affirm the order dated February 4, 2011, insofar as appealed from.