Rivera, J.P
(concurring). On the instant appeal, this Court is presented with the issue of whether the doctrine of laches may be applied to dismiss an action commenced more than 20 years ago. I concur with my colleagues’ conclusion that a dismissal based on laches is simply unavailable in this case and vote to affirm the order insofar as appealed from. However, I express the following concerns.
CPLR 3216, in its current version, provides that “[n]o dismissal shall be directed . . . and no court initiative shall be taken or motion made thereunder unless,” inter alia, a 90-day written demand to serve and file a note of issue is served (CPLR 3216 [b] [3]). The Court of Appeals has determined that “courts do not possess the power to dismiss an action for general delay where [the] plaintiff has not been served with a 90-day demand to serve and file a note of issue pursuant to CPLR 3216 (b)” (Chase v Scavuzzo, 87 NY2d 228, 233 [1995] [emphasis added]). Indeed, in his commentaries to CPLR 3216, Professor David D. Siegel observes:
“The demand procedure is designed to give the plaintiff a new 90-day chance to get the case moving no matter how long it has been delayed up to now . . . Whether the plaintiff has delayed seven months or seven years or even seventy years, CPLR 3216 with its 90-day-demand procedure applies equally”
*23 (David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3216:11 at 618).
Where a 90-day written demand has not been made, a court is, in effect, rendered powerless to dismiss the proverbial 70-year-old case. The delay in the proverbial 70-year-old case cannot be accurately described as mere “general” delay. On the contrary, that delay is often inexcusable, unreasonable, and inordinate under the circumstances. It evinces mi intent to abandon the action. Further, it speaks of an unacceptable lack of diligence. The consequences are invariably: prejudice to the adverse party, erosion of the quality availability and reliability of evidence, and an action that is no longer capable of being properly prosecuted, defended, and adjudicated on the merits.
The instant appeal is a perfect example of the problems I have just identified. Here, on May 15, 1992, the then-six-year-old infant plaintiff allegedly slipped and fell on some water in the bathroom of his school. On October 19, 1992, the plaintiffs commenced the instant action. In June 1996, the matter was “marked off” the calendar and later marked “disposed.” The plaintiffs waited more than 12 years, until October 2008, to move to restore the matter to the active calendar. The infant plaintiff is now 27 years old. Other than four pages of medical records, the defendant has received no discovery. After all this time, it is unlikely that any of the witnesses will have a clear memory of the incident and that the infant plaintiffs former medical providers will have retained all relevant records. Notwithstanding the aforementioned extraordinary delay, this case is “still alive.”
My paramount concern is the preservation of a level playing field for all litigants. Courts have inherent powers “to do all things reasonably necessary to enable [them] to administer justice effectively” (Alvarez v Snyder, 264 AD2d 27, 35 [2000]). If these inherent powers are to he effectively implemented, the courts should have the authority to dismiss, under the proper circumstances, what I have described as the proverbial 70-year-old case, irrespective of whether the parties avail themselves of the statutory procedures available under CPLR 3216, 3404 and 22 NYCRR 202.27.
Hall and Cohen, JJ., concur with Chambers, J.; Rivera, J.P., concurs in a separate opinion.
Ordered that the order dated February 4, 2011, is affirmed insofar as appealed from, with costs.