McGookin v Berishai (2020 NY Slip Op 05583)





McGookin v Berishai


2020 NY Slip Op 05583


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Manzanet-Daniels, J.P., Gische, Gesmer, Singh, JJ. 


Index No. 21904/17E, 21737/19E Appeal No. 11996N Case No. 2019-1567N 

[*1]Kevin McGookin, Plaintiff-Appellant,
v
Antoneta Berishai, Defendant-Respondent.
Kevin McGookin, Plaintiff-Appellant,
v
Nationwide Mutual Insurance Company, Defendant-Respondent.


Krentsel & Guzman, LLP, New York (Marcia K. Raicus of counsel), for appellant.
Gentile & Tambasco, Melville (Susan J. Mitola of counsel), for Antoneta Berishai, respondent.
Law Office of Brian Rayhill, Elmsford (Karen Queenan of counsel), for Nationwide Mutual Insurance Company, respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered January 15, 2019, which denied plaintiff's motion to renew his motion to, inter alia, compel non-party underinsurance carrier Nationwide to provide a consent-to-settle letter, and amended order, same court (Kenneth L. Thompson, Jr., J.), entered July 19, 2019, which denied a motion seeking the same relief on the ground of res judicata, unanimously affirmed, without costs.
These actions arise from an accident that occurred on November 24, 2014 near the intersection of the Cross Bronx Expressway and Nelson Avenue in the Bronx, when plaintiff, a pedestrian, and several other people, were injured by a car driven by defendant Antoneta Berishai. Plaintiff commenced an action against Berishai for the personal injuries he had sustained, and other injured persons commenced similar actions against Berishai. The parties settled in mediation and the settlement agreement was signed on September 7, 2018.
On September 25, 2018, counsel for plaintiff sent a letter to defendant Nationwide Mutual Insurance Company (Nationwide), plaintiff's insurer, informing it that plaintiff had sustained personal injuries in a car accident and that he intended to pursue an underinsured motorist claim. Nationwide denied coverage on the ground of untimeliness.
On October 24, 2018, plaintiff moved, inter alia, to compel Nationwide to provide him with a consent-to-settle letter. By order dated November 26, 2018, the motion court denied plaintiff's application, finding that it could not compel "plaintiff's underinsurance carrier" to provide plaintiff with a consent-to-settle letter because it was a nonparty to plaintiff's litigation with Berishai.
Plaintiff then moved pursuant to CPLR 2221(e) to renew his motion insofar as he sought to compel Nationwide to tender a consent-to-settle letter, arguing that the Nationwide claim denial was a new fact not included in the original motion to compel. Supreme Court denied plaintiff's motion to renew.
On October 8, 2018, plaintiff filed a demand for underinsurance arbitration with Nationwide with the American Arbitration Association in Orange County, plaintiff's county of residence. Nationwide responded by moving before the Supreme Court, Orange County, to permanently stay arbitration (Orange County action). Plaintiff did not oppose the motion. By order entered January 9, 2019, the Supreme Court, Orange County (Elaine Slobod, J.), granted Nationwide's stay application "on the ground of late notice of the accident and claim."
In February 2019, plaintiff commenced the action against Nationwide by petition and order to show cause to compel Nationwide to tender a consent-to-settle letter so that plaintiff could pursue the underinsured coverage he had through Nationwide. Supreme Court denied plaintiff's motion to compel Nationwide to provide a consent-to settle letter, on the basis of res judicata, citing the denial of the motion to renew.
The court properly denied plaintiff's motion to compel Nationwide to provide a consent-to-settle letter because Nationwide was not a party to the litigation between plaintiff and Berishai. The court also correctly denied plaintiff's motion to renew as plaintiff did not present new facts not offered on the prior motion that would change the prior determination (CPLR 2221[e]; Mehler v Jones, 181 AD3d 535 [1st Dept 2020]; Bianchi v Mason, 179 AD3d 567 [1st Dept 2020]).
We find that Supreme Court properly determined that plaintiff was barred by the doctrine of res judicata from seeking a consent-to-settle letter from Nationwide. We note that it was the Orange County action and not the initial action against Berishai that precludes plaintiff's claim. The Orange County action involved the same parties and the court in that action rejected plaintiff's claim against Nationwide for uninsured motorist
benefits on the merits (CIBC Mellon Trust Co. v HSBC Guyerzeller Bank AG, 56 AD3d 307 [1st Dept 2008] [the doctrine of res judicata is applicable to a judgment taken by default]; Robbins v Growney, 229 AD2d 356 [1st Dept 1996]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020