Ultra Diagnostics Imaging v Country-Wide Ins. Co. (2022 NY Slip Op
51018(U))

[*1]

Ultra Diagnostics Imaging v Country-Wide Ins. Co.

2022 NY Slip Op 51018(U) [76 Misc 3d 138(A)]

Decided on October 19, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 19, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570174/22

Ultra Diagnostics Imaging d/b/a 
 Kings Highway Diagnostic Imaging P.C. a/a/o/ Joshua Harris,
Plaintiff-Appellant, 
against
Country-Wide Insurance Company,
Defendant-Respondent.

Plaintiff, as limited by its briefs, appeals from so much of an order of the Civil Court
of the City of New York, New York County (Carol Ruth Feinman, J.), dated May 19,
2021, which denied its motion to restore the action to the calendar.

Per Curiam.
Order (Carol Ruth Feinman, J.), dated May 19, 2021, reversed, with $10 costs,
motion granted, action restored to the calendar and matter remanded for further
proceedings, including de novo consideration of the portion of defendant's cross motion
to toll interest.
As plaintiff alleges and defendant correctly concedes, plaintiff's motion to restore
this action to the calendar should have been granted. The courts do not possess the
inherent power to dismiss a pre-notice of trial action for general delay where, as here,
plaintiff has not been served with a 90—day demand to resume prosecution and to
serve and file a notice of trial (see CPLR 3216; Chase v Scavuzzo, 87
NY2d 228, 233 [1995]; Hodge v New York City Tr. Auth., 273 AD2d 42
[2000]). Moreover, "the doctrine of laches does not provide an alternate basis to dismiss
a complaint where there has been no service of a 90-day demand pursuant to CPLR
3216(b), and where the case management devices of CPLR 3404 and [22 NYCRR
208.14] are inapplicable" (Arroyo v Board of Educ. of City of NY, 110 AD3d 17,
20 [2013]).
We remand the matter for disposition of the balance of the cross motion, as
indicated.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: October 19, 2022