New Capital 1 Inc. v Kemper Independence Ins. Co. (2022 NY Slip Op
51033(U))

[*1]

New Capital 1 Inc. v Kemper Independence Ins. Co.

2022 NY Slip Op 51033(U) [76 Misc 3d 138(A)]

Decided on October 24, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 24, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570280/22

New Capital 1 Inc. a/a/o Carol J.
Smart, Plaintiff-Respondent, 
against
Kemper Independence Insurance Company,
Defendant-Appellant.

Defendant appeals from an order of the Civil Court of the City of New York, New
York County (Aija Tingling, J.), entered April 6, 2022, which denied its motion for
summary judgment dismissing the complaint.

Per Curiam.
Order (Aija Tingling, J.), entered April 6, 2022, reversed, without costs, defendant's
motion for summary judgment granted and the complaint dismissed. The Clerk is
directed to enter judgment accordingly.
In a separate action commenced by the defendant-insurer against various medical
providers, including the plaintiff herein, the Supreme Court, New York County (Lynn R.
Kotler, J.), declared that the defendant has no duty to pay the plaintiff's no-fault claims
arising from injuries allegedly sustained by its assignor, Carol Smart, in a February 15,
2019 motor vehicle accident. Based upon this Supreme Court judgment, the underlying
action commenced by the plaintiff to recover first-party no-fault benefits for medical
services rendered to Carol Smart for injuries sustained in the subject accident is barred
under the doctrine of res judicata (see Pomona Med. Diagnostics, P.C. v. Metropolitan Cas. Ins.
Co., 29 Misc 3d 138[A], 2010 NY Slip Op 52039[U] [App Term, 1st Dept
2010]; see also Abraham v
Hermitage Ins. Co., 47 AD3d 855 [2008]). A different judgment in the
underlying action would destroy or impair rights established by the judgment rendered by
Supreme Court in the related action (see Schuykill Fuel Corp. v Nieberg Realty
Corp., 250 NY 304, 306-307 [1929]; see also BDO Seidman LLP v Strategic Resources Corp., 70
AD3d 556, 560 [2010]). The Supreme Court judgment is a conclusive final
determination, notwithstanding that it was entered on default, as res judicata applies to a
judgment taken on default that has not been vacated (see McGookin v Berishai, 187 AD3d 472, 474 [2020];
Trisingh Enters. v Kessler, 249 AD2d 45, 46 [1998]).
Accordingly, the court should have granted defendant's motion for summary
judgment dismissing the instant action.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: October 24, 2022