Sire Spirits, LLC v Beam Suntory, Inc. (2025 NY Slip Op 06297)

Sire Spirits, LLC v Beam Suntory, Inc.

2025 NY Slip Op 06297

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, O'Neill Levy, Chan, JJ. 

Index No. 650799/23|Appeal No. 5204-5205|Case No. 2024-06867, 2025-01072|

[*1]Sire Spirits, LLC et al., Plaintiffs-Appellants,
v
Beam Suntory, Inc. et al., Defendants-Respondents, Q Branch Consulting, LLC, Defendant.

Blank Rome LLP, New York (Eamon O'Kelly of counsel), for appellants.
MoloLamken LLP, New York (Steven F. Molo of counsel), for Beam Suntory, Inc., and Jim Beam Bands Co., respondents.
Arnold & Porter Kaye Scholer LLP, New York (Paul J. Fishman of counsel), for Michael Caruso, MCF Consulting, Inc., G2J Brand, Inc. and Gina Caruso, respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about October 18, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for leave to amend its first amended complaint by adding a demand in the prayer for relief for damages based on the alleged diminution of value of plaintiffs' "enterprise value," unanimously affirmed, with costs. Order, same court and Justice, entered on or about December 16, 2024, which denied plaintiffs' motion to renew the motion for leave to amend, unanimously affirmed, with costs.
Plaintiffs' proposed amendment to the prayer for relief in its pleading, which sought recovery based on profits not realized as a result of the alleged fraud, violated the out-of-pocket damages rule (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). Accordingly, the proposed amendment was palpably insufficient, and the court properly denied it (see Mashinsky v Drescher, 188 AD3d 465, 466 [1st Dept 2020]. Plaintiffs fail to explain how expert discovery would have availed them, because the court ruled as a matter of law based on plaintiffs' own characterization of their damages.
Because plaintiffs failed to identify any previously unavailable evidence that would have affected the prior determination, the court did not abuse its discretion in denying the motion to renew (McGookin v Berishai, 187 AD3d 472, 474 [1st Dept 2020]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025