■ PAUL WARNEY, Appellant, v HESKEL M. HADDAD, Respondent, et al., Defendants. [599 NYS2d 286] —Judgment, Supreme Court, New York County (Kristin Booth Glen, J.), entered July 14, 1992, which dismissed the complaint, unanimously affirmed, without costs. The appeal from the order of the same court and Justice entered on or about May 28, 1992 is unanimously dismissed as subsumed by the appeal from the judgment entered therein, without costs.

Although the plaintiff asserted that he had made three attempts to serve process on defendant Dr. Haddad, two by process servers and one by a private investigator, there was ample basis for the Special Referee's determination that each of these attempts at service was flawed. As the Referee's determination is supported by the evidence in the record, the

IAS Court properly confirmed it *(Kardanis v Velis,* 90 AD2d 727). We observe that with respect to the first process server, it was established, through testimony and documentary evidence, that the person purportedly served on behalf of Dr. Haddad, one "Maria Gonzalez", was never employed by Dr. Haddad. With respect to the second attempt to serve process, which was allegedly made upon Ms. Sorensen, defendant's office manager, the Special Referee was entitled to discredit the testimony of the process server, whose written description of the person served did not match her actual appearance. Similarly, with respect to the third attempt at service made upon Dr. Haddad, the private investigator employed for that purpose described Dr. Haddad as brown skinned, whereas the Special Referee observed that he was white skinned. This fact, together with the fact that the private investigator failed to note Dr. Haddad's white and balding hair, and the fact that Dr. Haddad was shown to have left his office early on that day for a flight to Israel, provide ample support for the Special Referee's determination. Concur—Wallach, J. P., Kupferman, Ross and Kassal, JJ.