■ TANYA GALBREITH, Appellant, v ARISTOBULO TORRES, Doing Business as ARIS FAMOUS PIZZA, Respondent. [780 NYS2d 586]—

Order, Supreme Court, New York County (Marylin G. Dia-

mond, J.), entered on or about April 7, 2003, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

During plaintiff's visit to defendant's pizzeria/coffee shop, she allegedly suffered an electrical shock from a neon sign hanging in the window. While the owner or operator of premises has an obligation to maintain such property in a reasonably safe condition, defendant's denial that he had created, or had actual or constructive notice of, the alleged hazardous condition claimed to have precipitated the injury was sufficient to establish his prima facie right to summary judgment (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Mejia v New York City Tr. Auth.*, 291 AD2d 225, 226 [2002]). Since plaintiff failed to present any evidence that would raise a triable issue that defendant either created, or had any actual or constructive notice of, the purportedly defective neon sign, summary judgment was properly granted.

We have considered plaintiff's remaining arguments, including her references to various Administrative Code violations and defendant's alleged spoliation of evidence, and find them unavailing. Concur—Nardelli, J.P., Andrias, Ellerin and Friedman, JJ.