■ JARMIN WILSON, Appellant, v SHERMAN TERRACE COOPERATIVE, INC., Respondent. [787 NYS2d 318]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about March 22, 2004, which, in an action for personal injuries sustained when plaintiff tripped and fell on the sidewalk, used as a driveway, in front of defendant's multiple dwelling, after a hearing, granted defendant's motion to vacate its default in answering the complaint, unanimously affirmed, without costs.

Defendant showed a reasonable excuse for its default, namely, that its former superintendent, who had been served with the summons and complaint, was unaware of their importance and mislaid them among his other papers, and that defendant did not discover them until after the superintendent had been discharged (*cf. Goldman v Cotter*, 10 AD3d 289, 291 [2004]; *Chase Manhattan Auto. Fin. Corp. v Allstate Ins. Co.*, 272 AD2d 772, 774 [2000]). Plaintiff's claim that service was also made on a second person who appeared to be a supervisor in the office of defendant's management company lacks support in the record (*see Warney v Haddad*, 194 AD2d 478 [1993], *lv denied* 82 NY2d 658 [1993]). A meritorious defense was shown by the affidavit of defendant's board member, also a resident of the building, that he never saw any defects in the sidewalk or driveway in front of the building (*see Galbreith v Torres*, 9 AD3d 304 [2004]). Concur—Buckley, P.J., Sullivan, Nardelli, Williams and Sweeny, JJ.