■ 300 WEST 46TH STREET CORP., Respondent, v CLINTON HOUSING WEST 46TH STREET PARTNERS, L.P., et al., Appellants. [796 NYS2d 340]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered December 17, 2004, denying defendants' motion to vacate the default judgment entered against them, unanimously affirmed, without costs.

After issuing several warnings to defendants that it would seek legal relief for defendants' purportedly unreasonable failure to consent within a reasonable period to the assignment of the subject lease proposed by plaintiff, plaintiff filed a summons and complaint, but delayed serving it, so as to allow defendants an opportunity to resolve the underlying point in dispute. When defendants failed to respond to this approach, plaintiff served the complaint on all defendants. Defendants, however, failed to answer, whereupon plaintiff indicated that it would seek a default judgment and filed a supplementary copy of the summons and complaint. Defendants again failed to respond. Plaintiff moved for a default judgment and defendants defaulted on the motion's return date. Following an adjournment, the motion was granted on default. Several proceedings followed in connection with the entry of the order, in which defendants failed to participate.

The motion court referred the matter to a special referee for an inquest on damages. Only then did defendants seek to vacate their default. Although defendants did so by new counsel, and alleged in conclusory fashion that former pro bono counsel had become unavailable, no additional specific information was provided in connection with the motion to explain, let alone justify, the delay.

It rests within the sound discretion of the motion court to determine if the proffered excuse for a default is adequate (*Goldman v Cotter*, 10 AD3d 289, 291 [2004]). Defendants' prolonged failure to respond (*see Cipriano v Hank*, 197 AD2d 295 [1994]), which was never explained in any satisfactory manner, particularly in view of defendants' acknowledgment that they received the above-described legal papers (*cf. Goldman, supra*), and understood their significance (*cf. Wilson v Sherman Terrace Coop., Inc.*, 14 AD3d 367 [2005]), leads us to conclude that the motion court properly exercised its discretion in denying defendants' motion to vacate the default judgment. Concur— Saxe, J.P., Sullivan, Nardelli and Williams, JJ.