■ AMERICAN INTERNATIONAL INSURANCE Co., Respondent, v MJM QUALITY CONSTRUCTION, INC., Appellant, et al., Defendants. [895 NYS2d 35]—

Plaintiff commenced this subrogation action against MJM and three of its subcontractors, alleging that their actions resulted in a fire in the home of plaintiff's insured. On January 8, 2009, plaintiff notified MJM, which was then without counsel, of a January 21 court conference. Although the return receipt was signed by an assistant project manager at MJM, the notice failed to reach MJM's president, who was solely responsible for the corporation's decisions. MJM did not appear at the conference, whereupon the court struck its answer and directed an inquest on damages. In June 2009, MJM, which had obtained new counsel, moved to vacate its default, and included in its submissions was an affidavit from its president, blaming a nonparty not under its control for the fire.

MJM demonstrated a reasonable excuse for its failure to appear at the court conference, namely that its assistant project manager, upon receiving notice of the conference, failed to forward the notice to MJM's president (see Triangle Transp., Inc. v Markel Ins. Co., 18 AD3d 229 [2005]; Wilson v Sherman Terrace Coop., Inc., 14 AD3d 367 [2005]). There is also no dispute that MJM has sufficiently alleged a meritorious defense (see Bell v Toothsavers, Inc., 213 AD2d 199 [1995]). Furthermore, plaintiff was not unduly prejudiced by the delay between the default and the motion to vacate (see Consortium Consulting Group v Chee Tsai, 2 AD3d 177, 178 [2003]; Koren-DiResta Constr. Co. v CNA Ins. Cos., 176 AD2d 567, 568 [1991]). Even if discovery proceeded in MJM's absence, the remaining defendants (MJM's subcontractors) have the same interest as MJM in blaming the nonparty for the fire, so it is unlikely that discovery will have to be completely redone. Concur—Tom, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.