■ WESTCHESTER FIRE INSURANCE COMPANY, Plaintiff, v MCI COMMUNICATIONS CORPORATION, Appellant, and CNA INSURANCE COMPANY et al., Respondents, et al., Defendants. CHUBB INDEMNITY INSURANCE COMPANY et al., Third-Party Plaintiffs, v MCI WORLDCOM NETWORK SERVICES, INC., Third-Party Defendant-Appellant. [902 NYS2d 350]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 22, 2009, which, inter alia, granted CNA Insurance Company's motion for summary judgment declaring that it does not have a duty to pay MCI's "first dollar" defense costs and denied as moot MCI's motion for summary judgment declaring that CNA has a duty to defend it in numerous landowner actions, unanimously affirmed, with costs.

The court, in a well-reasoned decision, properly found endorsement 30 in the 1992-1995 policies at issue unambiguous in providing that MCI is liable for its own defense costs. Contrary to MCI's contention, the provision is not an exclusion (see Pav-Lak Indus., Inc. v Arch Ins. Co., 56 AD3d 287, 288 [2008]). Absent ambiguity, extrinsic evidence is inadmissible. Nor is there a need to resort to contra proferentem, which, in any event, would be inapplicable to this sophisticated policyholder (see Cummins, Inc. v Atlantic Mut. Ins. Co., 56 AD3d 288, 290 [2008]).

We have considered MCI's other contentions and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ. [Prior Case History: 2009 NY Slip Op 32438(U).]