■ ELEANOR JOHN, Respondent, v ARIN BAINBRIDGE REALTY CORP., Appellant, et al., Defendant. [46 NYS3d 589]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered August 19, 2015, which, inter alia, denied defendant Arin Bainbridge Realty Corp.'s (Arin) motion to vacate the default judgment against it, pursuant to CPLR 317 and 5015 (a) (1), unanimously affirmed, without costs.

"To obtain relief from a default judgment [under CPLR 5015 (a) (1)], a party is required to demonstrate both a reasonable excuse for the default and a meritorious claim or defense to the action" (*Bobet v Rockefeller Ctr., N., Inc.*, 78 AD3d 475, 475 [1st Dept 2010]; CPLR 5015 [a] [1]). However, "[t]he failure of a corporate defendant to receive service of process due to breach of the obligation to keep a current address on file with the Secretary of State (*see,* Business Corporation Law § 306) does not constitute a reasonable excuse" (*Crespo v A.D.A. Mgt.*, 292 AD2d 5, 9-10 [1st Dept 2002]). Thus, the court properly denied Arin's motion to vacate the default judgment under CPLR 5015 (a) (1).

CPLR 317 provides that "[a] person served with a summons other than by personal delivery to him or to his agent for service . . . under [CPLR] 318 . . . who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment . . . upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense." No showing of a reasonable excuse is necessary (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). Service upon a corporation through the Secretary of State, pursuant to Business Corporation Law § 306, is not "personal service" (*id.* at 142).

Viewing the totality of the record, we find that the court providently exercised its discretion to deny vacatur of the default judgment under CPLR 317. Numerous anomalies in the record support the court's inference that Arin sought to deliberately avoid service. For example, both the address given to the Secretary of State, 3161 Bainbridge Avenue, Bronx County (the Bainbridge address), and on the deed registration for the subject property, 320 Nassau Blvd, Garden City, were purportedly incorrect due to errors by Arin's real estate counsel at the time Arin purchased the Bainbridge property, yet Arin never sought an affidavit from counsel to explain the error, and Arin explains it only as a "mystery." Moreover the summons and complaint, among many other notices, were sent to these addresses, which purportedly housed defendants Samcity and Arin's real estate attorney's office, and were not returned as

undeliverable, but no affidavit was sought by Arin from anyone at either address to explain why these correspondences were not forwarded to Arin. Additionally, while Arin asserts that it used a P.O. box as its business address for a number of years, the P.O. box recited on the lease, while similar, is not the same as the P.O. box recited by plaintiff's vice president in his affidavit. Arin's secretary and shareholder, also averred that, since 2005, Arin has used the business address of 705 Rhinelander Avenue, Bronx County, however, in reply, its vice president avers that the address used is 705 Rylander Avenue.

While poor draftsmanship or typographical errors might explain some of these anomalies, it does not explain why Arin submitted a lease to show that it was Samcity's out-of-possession landlord, where the lease affirmatively refutes such an assertion, or the lack of any affirmative evidence of why those notices sent to the Bainbridge Ave. and Nassau Blvd. addresses were never forwarded to Arin. Under these circumstances, there were sufficient facts in the record to support the court's inference of deliberate avoidance of process in this case, or at least, that Arin has not demonstrated that it did not receive notice in time to defend this action.

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, Saxe, Feinman and Gesmer, JJ.