■ CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, Respondent, v ESSEX GLOBAL TRADING, INC., Appellant/Third-Party Plaintiff-Appellant. GREAT LAKES REINSURANCE (UK) PLC, Third-Party Defendant-Respondent. [48 NYS3d 59]—

Order and judgment (one paper), Supreme Court, New York County (Shirley Werner Kornreich, J.), which granted plaintiff Certain Underwriters at Lloyd's, London (Underwriters) and third-party defendant Great Lakes Reinsurance (UK) PLC's (Great Lakes) motion for summary judgment; declared that defendant/third-party plaintiff Essex Global Trading, Inc. (Essex) was fully compensated by Underwriters, and that Great Lakes' excess policy was never triggered because the primary policy issued by Underwriters was not exhausted; denied Essex's cross motion for summary judgment as to liability on its breach of contract counterclaim against plaintiff; and dismissed Essex's counterclaim and third-party claim, unanimously affirmed, with costs.

The motion court correctly determined that the "[v]aluation" and "[b]ooks [a]nd [r]ecords" clauses in the insurance policy issued to plaintiff was clear and unambiguous and that Essex was fully compensated by Underwriters. When reading the two clauses together, it is clear that the value for any insured item, including the diamonds at issue here, was to be based solely on the value that had been declared to Essex's shipper and insur-

ance broker. This is particularly true given the "[n]otwithstanding" provision in the books and records clause (see *RJE Corp. v Northville Indus. Corp.*, 2002 WL 1396991, *4, 2002 US Dist LEXIS 11741, *13-14 [ED NY, June 25, 2002, No. 01-CV-2749 (FB)]).

Because the policy language is unambiguous, extrinsic evidence should not be considered (see *Westchester Fire Ins. Co. v MCI Communications Corp.*, 74 AD3d 551 [1st Dept 2010]). Nor is there a need to resort to the doctrine of contra proferentum, which, in any event, is inapplicable to Essex, a sophisticated policyholder (*id.*). Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Gesmer, JJ.