■ Hutchinson Burger, Inc., et al., Appellants, v Kathleen R. Bradshaw, Respondent, et al., Defendants. [50 NYS3d 267]—

Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered December 10, 2015, which granted defendant Kathleen R. Bradshaw's motion for reargument, and, upon reargument, denied plaintiffs' motion for an extension of time to serve the summons, complaint, and amended complaint and for a default judgment against defendant, and dismissed all claims against defendant, without prejudice, unanimously reversed, on the law, without costs, and defendant's motion denied in all respects.

The proper vehicle for defendant to challenge the October 2012 order, which was granted on her default, was a motion to vacate a default order under CPLR 5015 (a) (1), and not a motion for renewal or reargument under CPLR 2221 (d) and (e) (*see Country Wide Home Loans, Inc. v Dunia*, 138 AD3d 533, 533 [1st Dept 2016] ["The court properly denied plaintiff's motion since the prior order was granted on default, and the proper remedy for plaintiff was to move to vacate the default pursuant to CPLR 5015, rather than by motion to renew"]; *300 W. 46th St. Corp. v Clinton Hous. W. 46th St. Partners, L.P.*, 19 AD3d 136 [1st Dept 2005]; *Vasquez v Koret, Inc.*, 151 AD2d 448

[1st Dept 1989]; Siegel, NY Prac § 426). Accordingly, the motion court should have denied defendant's motion to renew or reargue. Concur—Sweeny, J.P., Richter, Andrias, Webber and Gesmer, JJ.