U.S. Bank N.A. as Legal Tit. Trustee for Truman 2013 SC4 Legal Tit. Trust v Nassau County Pub. Adm'r, as Adm'r of the Estate of Kathleen Bestany (2019 NY Slip Op 02955)





U.S. Bank N.A. as Legal Tit. Trustee for Truman 2013 SC4 Legal Tit. Trust v Nassau County Pub. Adm'r, as Adm'r of the Estate of Kathleen Bestany


2019 NY Slip Op 02955


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

Richter, J.P., Manzanet-Daniels, Kahn, Gesmer, Oing, JJ.


9017 850323/13

[*1]U.S. Bank N.A. as Legal Title Trustee for Truman 2013 SC4 Legal Title Trust, Plaintiff-Appellant,
v
The Nassau County Public Administrator, as Administrator of the Estate of Kathleen Bestany, Deceased, Defendant, 532 West 187 Realty, LLC, Defendant-Respondent.


Friedman Vartolo LLP, New York (Chad Harlan of counsel), for appellant.
The Law Office of Jeremy Rosenberg, Chestnut Ridge (Jeremy Rosenberg of counsel), for respondent.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered June 30, 2017, which granted defendant 532 West 187 Realty LLC's (532 West) motion to vacate the default judgment entered against it, unanimously affirmed, with costs.
We find that the motion court properly exercised its discretion pursuant to CPLR 317. Taken together, the affidavits submitted by 532 West established that it never received notice of the summons because its agent for service never forwarded the same to it (cf. John v Arin Bainbridge Realty Corp., 147 AD3d 454, 455-456 [1st Dept 2017]). Plaintiff does not dispute that the affidavits also established that 532 West did not otherwise have notice of the action. Further, there was no indication in the record that 532 West deliberately evaded service (cf. Eugene Di Lorenzo, Inc. v A.C. Dutton Lumber Co., 67 NY2d 138, 141-143 [1986]). 532 West showed that it had a potentially meritorious defense to the foreclosure action by submitting a discharge of mortgage that stated that the subject mortgage had been satisfied (Reale v Tsoukas, 146 AD3d 833, 835 [2d Dept 2017]).
We decline to hear plaintiff's arguments, made for the first time on appeal, that the motion to vacate was untimely and that 532 West failed to establish its meritorious defense through an affidavit from an individual with knowledge of the facts.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK