Mehler v Jones (2020 NY Slip Op 02103)





Mehler v Jones


2020 NY Slip Op 02103


Decided on March 26, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2020

Friedman, J.P., Manzanet-Daniels, Gesmer, González, JJ.


805469/13 11299A 11299

[*1]Harriet Mehler, Plaintiff-Appellant,
v
Cheryl D. Jones, also known as Cannon J. Tanner, Defendant, Nader Paksima, D.O., Defendant-Respondent.


Joseph R. Bongiorno & Associates, P.C., Mineola (Joseph R. Bongiorno of counsel), for appellant.
Bartlett LLP, White Plains (David C. Zegarelli of counsel), for Nader Paksima, D.O., respondent.
McAloon & Friedman, PC, New York (Gina Bernard DiFolco of counsel), for NYU Hospitals Center for Joint Diseases and NYU Langone Medical Center, respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about April 25, 2018, which granted defendant Nader Paksima, D.O.'s and defendants NYU Hospital for Joint Diseases and NYU Langone Medical Center's motions to dismiss the complaint unless plaintiff appeared for a deposition on or before May 8, 2018, and order, same court and Justice, entered on or about August 16, 2018, which denied plaintiff's motion to renew defendants' motions, unanimously affirmed, without costs.
The motion court providently exercised its discretion in issuing a conditional order of dismissal, in light of plaintiff's history of noncompliance with court orders requiring her to appear for a further deposition (see CPLR 3126[3]; Fish & Richardson, P.C. v Schindler, 75 AD3d 219, 220 [1st Dept 2010]).
Plaintiff contends that her behavior was neither willful nor contumacious. However, by issuing a conditional order, the court "relieve[d] [itself] of the unrewarding inquiry into whether [plaintiff's] resistance was willful" (Board of Mgrs. of the 129 Lafayette St. Condominium v 129 Lafayette St., LLC, 103 AD3d 511, 511 [1st Dept 2013] [internal quotation marks omitted]).
On her motion to renew, plaintiff failed to submit new facts (CPLR 2221[e][2]), i.e., facts that existed but were unknown to her at the time defendants made their motions (see Matter of Naomi S. v Steven E., 147 AD3d 568 [1st Dept 2017]). Instead, she submitted facts that developed after the conditional order that decided the prior motions was issued.
Plaintiff's proper recourse was to seek to vacate the order on the ground of excusable default, pursuant to CPLR 5015(a)(1) (see Hutchinson Burger, Inc. v Bradshaw, 149 AD3d 545, 545 [1st Dept 2017]; Country Wide Home Loans, Inc. v Dunia, 138 AD3d 533 [1st Dept 2016]). Even if we treat the motion as a motion to vacate (see CPLR 2001), we must deny it. Although [*2]plaintiff demonstrated a reasonable excuse for her failure to comply with the conditional order, she failed to demonstrate a meritorious medical malpractice claim (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2020
CLERK