Ingram v Association for Metroarea Auticstic Children, Inc. (2021 NY Slip Op 00088)





Ingram v Association for Metroarea Auticstic Children, Inc.


2021 NY Slip Op 00088


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Index No. 301522/08 Appeal No. 12816-12816A Case No. 2019-4572 

[*1]Maurice P. Ingram, By his Guardian, Maxine Cole, Plaintiff-Respondent,
v
Association for Metroarea Auticstic Children, Inc., Defendant-Appellant.


Mauro Lilling Naparty LLP, Woodbury (Matthew W. Naparty of counsel), for appellant.
Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about April 4, 2019, which, upon granting plaintiff's motion for reargument, denied as untimely defendants' motion for summary judgment dismissing the complaint, and order, same court and Justice, entered on or about January 10, 2020, which denied defendant's motion to renew its motion for summary judgment, unanimously affirmed, without costs.
While plaintiff should have moved for vacatur of the grant of defendants' motion for summary judgment rather than reargument (see Hutchinson Burger, Inc. v Bradshaw, 149 AD3d 545 [1st Dept 2017]; Country Wide Home Loans, Inc. v Dunia, 138 AD3d 533 [1st Dept 2016]), because plaintiff attached an affidavit demonstrating excusable default and an affidavit showing possible merit, we will treat the underlying motion as a motion to vacate. Upon vacatur, we find that the trial court's sua sponte denial of defendants' motion for summary judgment as untimely was proper (see Appleyard v Tigges, 171 AD3d 534, 535-536 [1st Dept 2019]; cf. Astrakan v City of New York, 184 AD3d 444 [1st Dept 2020]; Gomez v Penmark Realty Corp., 50 AD3d 607 [1st Dept 2008]). Any prejudice to defendant from the court's sua sponte consideration of the timeliness issue was ameliorated by defendant's raising the issue in its motion for leave to renew (see Bayo v 626 Sutter Ave. Assoc., LLC, 106 AD3d 648, 650 [1st Dept 2013]). Further, any error in denying the motion to renew was also harmless, as defendant failed to establish that its motion for summary judgment was timely or that good cause existed for its untimeliness. Defendant failed to show that outstanding discovery was significant or essential to the motion (see generally Filannino v Triborough Bridge & Tunnel Auth., 34 AD3d 280, 282-283 [1st Dept 2006], appeal dismissed 9 NY3d 862 [2007]; Pena v Women's Outreach Network, Inc., 35 AD3d 104, 108 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021