Papadopoulos v Metropolitan Transp. Auth. (2021 NY Slip Op 01334)





Papadopoulos v Metropolitan Transp. Auth.


2021 NY Slip Op 01334


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 451612/15 Appeal No. 13281N Case No. 2020-02529 

[*1]Marina Papadopoulos, as Administrator for the Estate of Demetrios Papadopoulos, et al., Plaintiffs-Appellants,
v
Metropolitan Transportation Authority, et al., Defendants-Respondents.


Massimo & Panetta, P.C., Mineola (Nicholas J. Massimo of counsel), for appellants.
Lawrence Heisler, Brooklyn (Anna Ervolina of counsel), for respondents.



Order, Supreme Court, New York County (Lisa Ann Sokoloff, J.), entered December 4, 2019, which granted plaintiff's motion for sanctions and to strike the complaint only to the extent of directing defendants to provide certain discovery, unanimously modified, on the law, to the extent of precluding defendants from offering any evidence at trial, and otherwise affirmed, without costs.
The July 19, 2018 so-ordered stipulation was a self-executing, conditional order of preclusion, which defendants ignored. Thus, defendants are precluded from adducing evidence at trial (see generally Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]; CPLR 3126). That order became self-executing when defendants took no action within the 30-day time limit in which they were to provide the requested discovery or "request [an] immediate conference" to explain why they could not do so. Defendants did neither.
Defendants also failed to move to vacate their default, and in any event, did not articulate a reasonable excuse for their failure to comply with the July 2018 order, or set forth a meritorious defense to the action (see Gibbs, 16 NY3d at 80; Mehler v Jones, 181 AD3d 535, 535-536 [1st Dept 2020]). Defendants did not address their failure to respond to plaintiff's notices for discovery and inspection (see Watson v City of New York, 157 AD3d 510, 515 [1st Dept 2018]) and their explanation regarding video disclosure fell short, as it did not address all outstanding videos and did not provide any evidence of their efforts. Furthermore, defendants could not demonstrate a meritorious defense through the train operator's testimony, because that testimony did not establish that defendants were not negligent (cf. Seong Sil Kim v New York City Tr. Auth., 27 AD3d 332, 333-334 [1st Dept 2006], lv denied 7 NY3d 714 [2006]). Nor could they rely on the Police Department's statement that decedent might have been intoxicated, as that statement is wholly speculative.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021