Cedeno v 155 W. 162, LLC (2023 NY Slip Op 02174)

Cedeno v 155 W. 162, LLC

2023 NY Slip Op 02174

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Renwick, A.P.J., González, Kennedy, Higgitt, JJ. 

Index No. 26207/16 Appeal No. 125-126 Case No. 2022-02392 2022-03656 

[*1]Manuel Cedeno, Plaintiff-Respondent,
v
155 West 162, LLC, Defendant-Appellant, 155 W 162 St Owner, LLC, et al., Defendants. 

Coffey Modica O'Meara Capowski LLP, White Plains (Christopher R. Theobalt of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, Bronx County (Adrian N. Armstrong. J.), entered November 24, 2021, which denied defendant 155 West 162, LLC's motion for a stay of entry of a proposed judgment, filed on September 13, 2021, in favor of plaintiff, and directed that defendant's answer be stricken and the matter proceed to trial on damages against defendant, unanimously affirmed, without costs. Order, same court and Justice, entered August 9, 2022, which, to the extent appealed from, denied defendant's motion to vacate the November 24, 2021 order, unanimously affirmed, without costs.
The court properly denied defendant's motion for a stay of entry of the proposed judgment because the underlying conditional order dated June 16, 2020 directing the striking of the answer upon defendant's failure to comply with discovery directives within 30 days was self-executing and absolute. Defendant failed to comply with numerous court orders and s0-ordered stipulations agreeing to provide the requested discovery. Defendant also failed to submit an affidavit from someone with personal knowledge of the efforts it made to locate the requested materials (Henderson v Manhattan & Bronx Surface Tr. Operating Auth., 16 NY3d 886, 887-888 [2011]). Furthermore, defendant's proper recourse was to appeal from the order dated June 16, 2020 (Tower Ins. Co. of N.Y. v NHT Owners LLC, 115 AD3d 551 [1st Dept 2014]) or to move to vacate the default in providing the discovery (Mehler v Jones, 181 AD3d 535, 535-536 [1st Dept 2020]).
We reject defendant's contention that the court improperly sanctioned it for the noncompliance of other entities that were no longer parties in the action.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023