Martinez v Urban Renaissance Collaboration Ltd. Partnership (2024 NY Slip Op 02598)

Martinez v Urban Renaissance Collaboration Ltd. Partnership

2024 NY Slip Op 02598

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Manzanet-Daniels, J.P., Singh, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 33400/20 Appeal No. 2261-2262 Case No. 2023-00413 2023-03715 

[*1]Reinalda Martinez, et al., Plaintiffs-Respondents,
v
Urban Renaissance Collaboration Limited Partnership, Defendant-Appellant. 

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Steven V. DeBraccio of counsel), for appellant.
Mischel & Horn, P.C., New York (Christen Giannaros of counsel), for respondents.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about May 3, 2023, which denied defendant's motion to renew its motion to vacate a default judgment, unanimously reversed, on the law and in the exercise of discretion, without costs, and the motion granted. Appeal from order, same court and Justice, entered on or about December 23, 2022, which denied defendant's motion to vacate a default judgment, unanimously dismissed, without costs, as academic.
In November 2020, plaintiffs commenced this action alleging that plaintiff Reinalda Martinez was injured on November 10, 2017, due to a defective condition at the premises owned by defendant. At inquest, the court accepted plaintiff's testimony that the accident occurred on November 5, 2017, and was caused by a raised sidewalk in front of defendant's premises.
Defendant did not receive the summons and complaint served through the Secretary of State, as the envelope was returned as undeliverable, and it demonstrated that it did not receive subsequent notices mailed to the same address because it had relocated during the pandemic and was operating with a skeletal staff, which did not update its address for service of process (see Casiano v City of New York, 245 AD2d 244, 245 [1st Dept 1997]; see also Sara's Studios, LLC v Sparkle World LLC, 217 AD3d 465, 466 [1st Dept 2023]). Since defendant was not personally served with the summons and did not personally receive notice of the summons in time to defend, it is not required to establish a reasonable excuse for its failure to timely answer, but can rely upon a showing that it has a meritorious defense (see CPLR 317; John v Arin Bainbridge Realty Corp., 147 AD3d 454, 455 [1st Dept 2017]).
In support of its original motion to vacate, defendant did not demonstrate a potentially meritorious defense. It relied only on the expiration of the three-year statute of limitations, but failed to consider that the running of the statute of limitations was tolled by Executive Order 202.8 during the pandemic (9 NYCRR 8.202.8; see Matter of New York City Tr. Auth. v American Tr. Ins. Co., 211 AD3d 643, 643 [1st Dept 2022]).
On renewal, defendant offered the affidavit of its facility manager who averred that there was no record of any incidents occurring at the premises on November 10, 2017, or any other date, and that the sidewalk was in good condition on the alleged accident date. Defendant also proffered copies of six complaints filed by the same plaintiffs over the past 17 years, alleging that they had sustained personal injuries in slip-and-fall accidents. Under these circumstances, though defendant offered no excuse for its failure to submit these facts in support of its original motion to vacate the default judgment (CPLR 2221[e][3]), we exercise our discretion to grant the motion to renew (see Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 376-377 [1st Dept 2001]).
In order to vacate its default, defendant is "not required [*2]to prove its defense, but merely [has] to set forth facts sufficient to make a prima facie showing of a meritorious defense" (Batra v Office Furniture Serv., 275 AD2d 229, 231 [1st Dept 2000]). In this context, the facility manager's affidavit is sufficient to raise a meritorious defense (see Wilson v Sherman Terrace Coop., Inc., 14 AD3d 367, 368 [1st Dept 2005]). Defendant's evidence that the sidewalk was not defective, combined with the evidence that plaintiff's have a history of falling, raises issues as to whether the accident occurred in the manner alleged and whether defendant was the proximate cause of plaintiff's alleged fall in November 2017. The lack of prejudice to plaintiffs and the policy favoring resolution of disputes on the merits further support granting the motion to vacate the default judgment (see Mejia v Duran De La Rosa, 210 AD3d 506 [1st Dept 2022]; Gomez v Karyes Realty Corp., 211 AD3d 576, 577 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024