## Harrison v 345 Lenox, LLC

2024 NY Slip Op 31926(U)

June 4, 2024

Supreme Court, New York County

Docket Number: Index No. 156754/2019

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. DAVID B. COHEN                        PART    58

*Justice*

--------------------------------------------------------------------------X

ROSALIE HARRISON,                                    INDEX NO.          156754/2019

                                    Plaintiff,       MOTION SEQ. NO.        005

- v -

345 LENOX, LLC D/B/A 345 LENOX AVENUE
CONDOMINIUM, HARLEM PROPERTY MANAGEMENT,
INC., JSK PROPERTY MANAGEMENT, LLC,345              **DECISION + ORDER ON**
MALCOLM X LLC, JOHN BENTON, and JOHN DOE, (SAID            **MOTION**
NAME BEING FICTITIOUS DUE TO THE UNKNOWN
IDENTITY),

                                    Defendants.

--------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182

were read on this motion to/for            VACATE - DECISION/ORDER/JUDGMENT/AWARD.

In this property damage action, plaintiff moves, pursuant to CPLR 5015, to vacate this Court's decision and order dated January 24, 2024.

## I.  Factual and Procedural Background

Plaintiff commenced this action against defendants in July 2019 after one of her properties was allegedly damaged by a water leak (NYSCEF Doc No. 1).  Defendants subsequently joined issue and served discovery demands on plaintiff in October 2019 (Doc No. 2).  In June 2020, plaintiff switched attorneys while discovery was ongoing (Doc No. 20).  In January 2022, plaintiff's second attorney moved by order to show cause to be relieved as counsel, citing "irreconcilable differences" and "certain issues [that] have arisen that preclude[d] [her] from continuing to represent [p]laintiff" (Doc Nos. 45-46).  By decision and order dated February 23, 2022, the motion was granted (Doc No. 53).  Approximately two months later, plaintiff's third attorney filed a notice of appearance (Doc No. 58).

As the discovery phase continued, multiple stipulations were provided and so-ordered by this Court (Doc Nos. 115, 119-120). However, at a status conference in May 2023, it was revealed that many discovery items were still outstanding—no depositions had occurred and plaintiff had yet to respond to any discovery demands made by defendants and third-party defendant. By order dated May 2, 2023, plaintiff was directed to respond to all outstanding discovery demands within a specified timeframe, and final language was included noting that plaintiff may be sanctioned if she failed to comply with the order (Doc No. 123). A status conference was scheduled for September 12, 2023 (Doc No. 123).

At the September 2023 conference, all parties appeared, however, it was revealed that plaintiff had failed to comply with the May 2023 order. The parties provided a stipulation that indicated plaintiff would comply with the prior order and respond to the outstanding discovery demands by October 30, 2023, "or be precluded from giving evidence at trial and through affidavits during motion practice," which was so-ordered by this Court on September 22, 2023 (Doc No. 144). Just four days later, plaintiff consented to her third attorney being relieved as counsel, and she began to represent herself (Doc No. 145).

An additional status conference was scheduled for October 2023; at the conference, plaintiff indicated that she was in the process of obtaining new representation. She had spoken to a new, fourth attorney and asked her third attorney for her entire case file, but she still had not complied with the May 2023 order. By order dated November 2, 2023, plaintiff was directed to respond to all outstanding discovery demands by January 5, 2024, "regardless of whether or not she ha[d] obtained new representation" (Doc No. 148). The order also contained preclusion language if she failed to comply and indicated that the order was "final and self-executing, upon

an affirmation from defense counsel detailing the failure to comply with the order" (Doc No. 148). A future conference was scheduled for January 16, 2024.

At the January 16th conference, all parties appeared, but plaintiff indicated that she was no longer self-represented and had retained a fourth attorney. However, opposing counsel was not aware of her new representation, no notice of appearance had been filed, and her purported new attorney was unreachable at the time of the conference.[1] In any event, plaintiff still had not responded to the discovery demands as required. By order dated January 16, 2024, the conference was adjourned to February 13th, and plaintiff's new attorney was directed to appear at that time (Doc No. 151). Shortly thereafter, by order dated January 24, 2024, plaintiff was precluded from giving evidence at trial and/or through affidavits during motion practice, based on her failure to timely provide the discovery responses.

Plaintiff now moves by order to show cause to vacate the January 24th order (Doc No. 164), which defendants and third-party defendant oppose (Doc Nos. 169-170, 181).

## II. Legal Analysis and Conclusions

Plaintiff contends that the January 24th order should be vacated because she has a reasonable excuse for her delay in responding to discovery demands and a meritorious cause of action. Regarding reasonable excuse, she asserts that she was unaware that her second and third attorneys failed to provide the required discovery responses. She maintains that she has a meritorious cause of action because design and installation defects caused "tremendous water damage" and mold in her property. Defendants and third-party defendant argue in opposition that plaintiff failed to demonstrate either a reasonable excuse or a meritorious claim.

---

[1] Plaintiff's fourth attorney did not file a notice of appearance until February 12, 2024 (Doc No. 160).

A party seeking to vacate a prior order under CPLR 5015 must demonstrate that it had a reasonable excuse and a meritorious cause of action or defense (*see Matter of Medallion Fin. Corp. v Rucker*, 223 AD3d 497, 498 [1st Dept 2024]).

Plaintiff fails to demonstrate a reasonable excuse for failing to respond to the discovery demands at issue here. She argues that her second and third attorneys completely neglected this action and performed no work on the matter. However, such contentions that an attorney neglected a matter do not constitute a reasonable excuse (see *Tao Liu v Sobin Chang*, __ AD3d __, 2024 NY Slip OP 02370, *1 [1st Dept 2024] [finding defendant's contention that "her counsel neglected the matter" was insufficient for reasonable excuse]). Her contentions essentially amount to "bare allegations of incompetence by counsel," which "cannot serve as the basis to set aside a [prior order] under CPLR 5015" (*id.; see Youni Gems Corp. v Bassco Creations Inc.*, 70 AD3d 454, 455 [1st Dept 2010]; *Spatz v Bajramoski*, 214 AD2d 436, 436 [1st Dept 1995]).

Even viewing plaintiff's contention as one of law office failure, she still fails to demonstrate a reasonable excuse. Law office failure can constitute a reasonable excuse (*see Blanco v Quality Gas Corp.*, 214 AD3d 432, 432-433 [1st Dept 2023] [finding reasonable excuse by law office failure because of "inadvertent calendar error by counsel's firm"]; *American Intl. Ins. Co. v MJM Quality Constr., Inc.*, 69 AD3d 520, 520 [1st Dept 2010] [finding party demonstrated reasonable excuse for failing to appear at court conference because employee failed to forward notice of conference to party's president]). However, plaintiff's assertions contain no details or evidentiary support of the alleged law office failure. There are no affidavits from her prior attorneys or people associated with them describing why there was no timely response to the discovery demands at issue here. Such "conclusory reference to law office failure" does not amount to a reasonable excuse (see *Urban D.C. Inc. v 29 Green St. LLC*, 205 AD3d 634, 634 [1st

Dept 2022] [finding assertions of law office failure "without detail or evidentiary support[] do not rise to the level of a reasonable excuse"]; *cf. Sara's Studios, LLC v Sparkle World LLC*, 217 AD3d 465, 466 [1st Dept 2023] [finding reasonable excuse for law office failure after party submitted "affirmation of its attorney explaining that he had to lay off his associate and staff due to the COVID-19 pandemic," which caused him to overlook court notices]).

In any event, plaintiff was not always represented by counsel; she was self-represented for several months after she parted ways with her third attorney. Yet she fails to explain why she did not respond to the discovery requests in that time, despite appearing personally for discovery conferences with the Court and being made aware of the outstanding demands that required a response.

Since plaintiff failed to demonstrate a reasonable excuse, there is no need to consider whether she possesses a meritorious cause of action (*see U.S. Bank Trust N.A. v Rivera*, 187 AD3d 624, 625 [1st Dept 2020] ["Absent a reasonable excuse, vacatur is not appropriate regardless of whether defendant has a meritorious defense."]).

Accordingly, it hereby:

ORDERED that plaintiff's motion is denied; and it is further

ORDERED that defendants shall file a note of issue within 30 days after the date of entry of this order.

|  |  |
|---|---|
| **6/4/2024** | |
| DATE | DAVID B. COHEN, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |